# Benjamin *against* Benjamin.

A submission and award under the Act of 1836, not having been entered of record and a rule of court obtained thereon, is wholly inoperative, and no action will lie for the recovery of the amount of the award.

**ERROR** to the Common Pleas of *Bradford* county.

David Benjamin against Jesse Benjamin. This action was brought to recover the amount of an award, in which the parties agreed to the following facts: The parties entered into an agreement in writing to submit all matters in variance between them, under the provisions of the Act of 1836, to three arbitrators, whose award was to be final and conclusive between them. The arbitrators met and heard the parties, and made an award for the plaintiff for $142. The question was, whether the plaintiff was entitled to recover. The court below was of opinion that he was, and directed a judgment for the plaintiff.

[Benjamin v. Benjamin.]

*Overton*, for plaintiff in error, argued that the judgment could not be sustained. The award was not good at common law, because the parties agreed that the submission should be in pursuance of the provisions of the statute; and it was not good under the statute, because its provisions had not been pursued. Act of 1836, sect. 1., *Purd.* 71 ; *Okison* v. *Flickinger*, (1 *Watts & Serg.* 258).

*Williston*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—This action was instituted in the Court of Common Pleas of Bradford county, by David Benjamin against Jesse Benjamin, to recover the sum of $142 with costs, which had been awarded to be paid by the defendant to the plaintiff by arbitrators mutually chosen by them, to whose arbitrament and award they had agreed to submit all matters in variance between them, expressly declaring by their submission, which was in writing, under their respective hands and seals, that the submission was "under the Act of 1836." The submission contained no agreement that it should be made a rule of any court of record, as is required by the 1st section of the Act of 1836; nor was any attempt ever made to have the agreement of submission entered upon the record of any court, and a rule of the court made, that the parties should submit to, and finally be concluded by the arbitration which should be made pursuant to the said submission, as is directed by the 2d section of the said Act. And, indeed, it is evident, that such an attempt would have been fruitless, and could not have availed; for the submission, as has been already mentioned, contained no agreement or provision that it should be made a rule of any court whatever. It is, therefore, clear, that the award cannot be sustained and enforced as one made under the provisions of the Act of 1836. The question then presents itself, can it be considered good as an award made in pursuance of a submission at common law? In the case of an award made under a submission at common law, I take it to be well settled, that a mistake on the part of the arbitrators, either in matter of fact, or matter of law, or in both, is insufficient to set the award aside. The arbitrators, being a tribunal of the parties' own choice and creation, and generally composed of men who are not much skilled in the law, or very much employed in the investigation and finding of facts from evidence adduced, and who may admit and act upon evidence that would be wholly inadmissible in a court of record, the award is ever considered as valid and binding upon the parties, unless it is impeached on the ground of excess of authority, misbehaviour, partiality or corruption in the arbitrators. Whenever this is shown to be the case, their award will be set aside, but for no other cause. By the 4th section, however, of the Act of 1836, an award made in pursuance of a submission

under that Act, may be set aside for a plain mistake committed by the arbitrators, either in matter of fact, or in matter of law. Then to consider the award made here, as under a submission at common law, would go to deprive the defendant of the benefit, which he plainly intended to secure to himself, of excepting to it and having it set aside, if the arbitrators should commit a plain mistake, either in matter of fact, or in matter of law, or in both, by having it expressly declared in the submission, that it was under the Act of 1836. We, therefore, think that the plaintiff below was not entitled to recover in this action the amount of the award, and that the court erred in rendering a judgment in his favour.

Judgment reversed, and judgment for defendant.