## Cotton and Smith *versus* Babcock.

1. Pending a suit on a bill in equity, the parties agreed to submit all matters in variance in the suit to arbitrators "under the Act of June 16th 1836." *Held*, that the submission was not authorized by that act.

2. The 6th section which relates to pending suits is confined to actions at common law.

3. A common-law judgment on the equity side of the court is incongruous and irregular.

4. Parties to a proceeding in equity may refer the case to persons mutually chosen to find and report facts to the court.

5. On the coming in of the report, it is the duty of the court to make a final decree in the cause, giving to the report all the effect to which it is entitled.

March 16th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county:* Of January 1869, No. 24.

On the 5th of November 1859 Stephen Babcock filed a bill in equity against Henry Cotton and Daniel W. Smith. The bill set out that the plaintiff had contracted with the defendants to sell to them 1,000,000 feet of standing timber, on a tract of land designated; and if so much of the kind of timber described in the agreement could not be obtained, the defendants might take it from an adjoining tract belonging to the plaintiff. The bill averred that there was sufficient timber, on the first-named tract to fill the contract, but that notwithstanding the defendants had taken and were taking timber from the other tract. The prayer was, that they might be restrained from taking timber from the second tract. A preliminary injunction was granted by White, P. J. No answer was filed; and on the 1st of December 1859 the parties, by an agreement entitled of the suit in equity, agreed, "under the provisions of the Act of June 16th 1836, * * * to submit all matters at variance and in controversy in our said suit, and all matters in controversy concerning and about the contract mentioned in said suit" to three arbitrators (named in the agreement) who were to assess the damages, if any, sustained by the plaintiff in consequence of breach of the contract by the defendants. It was further agreed "that our submission to said award or umpirage be made a rule of and in said court, and hereby respectively bind ourselves to submit to and be finally concluded by the award or umpirage of said referees or a majority of them, under the penalty," &c.

On the 30th of April 1864 the arbitrators made an award in favor of the plaintiff for $1317.83. This award was read January 27th 1868, and filed by order of the court. Exceptions were filed by the defendants February 24th 1868. On the 23d of March 1868 a rule was granted to show cause why the award should not

[Cotton v. Babcock.]

be set aside. On the 25th of March, "more than four days having elapsed since reading the award, and no exceptions having been filed, on motion, judgment is entered on the award." On the 30th of July 1868 the rule to show cause why the award should not be set aside was discharged, White, P. J., delivering the opinion of the court.

The defendants took out a writ of error. The assignments of error were to the refusal of the court to set the award aside.

*C. M. Seymour, M. F. Elliott* and *R. P. Allen,* for plaintiff in error.

*H. Sherwood,* for defendant in error.

The opinion of the court was delivered, March 21st 1870, by

SHARSWOOD, J.—This case was commenced in the court below by a bill in equity praying an injunction to stay waste. A preliminary injunction was awarded. Pending this and before any answer, the parties, by writing, agreed "to submit all matters at variance and in controversy in the said suit, and all matters in controversy concerning and about the contract mentioned in said ' suit," to three persons mutually chosen as referees. This agreement was expressed to be " under the provisions of the Act of Assembly of June 16th 1836," Pamph. L. 717. We are of the opinion that it was not authorized by any section of that act. The 6th section, which is the one which relates to pending suits, is confined to actions at common law. The award "shall be deemed and taken to be as available in law as the verdict of a jury, and the party in whose favor such report shall be made, whether plaintiff or defendant, shall have judgment thereon, and the like process for the recovery thereof as on a verdict in an action commenced by such party." A common-law judgment upon the equity side of the court is altogether incongruous and irregular. Nor can the reference be sustained under the 1st section, because it does not contain an agreement that it shall be made " a rule of such court having jurisdiction as the parties shall choose," and this has been held essential under that section: Benjamin v. Benjamin, 5 W. & S. 562. The judgment on this award, if it can stand, can only be supported as a judgment by virtue of the Act of 1836. It cannot be considered as adopted by the court and entered as a decree in equity. If so considered, it could be removed to this court only by appeal and not by writ of error. Parties to a proceeding upon the equity side of the court, no doubt, may refer the case to persons mutually chosen, to find and report facts to the court, whether called referees or masters is immaterial. There is nothing in the name. But on the coming in of the report, it is the duty of the court, giving to it all the effect to

[*Cotton v. Babcock.*]

which it is justly entitled, to proceed to make a final decree in the cause. The judgment then entered in the court below was unauthorized and erroneous.

Judgment reversed, and record remitted for further proceedings.