## Summy *versus* Hiestand.

1. When an agreement to refer is made in an action pending in court and is confined to matters pending in that action, it is under the 6th section of the Act of June 16th 1836 (Arbitration).

2. This section is a re-enactment of the Act of 1705; no express agreement that the submission shall be a rule of court is necessary.

3. Without payment of costs a suit cannot be discontinued.

4. An agreement in a pending suit was: "It being desired by the parties in the above case that the same shall proceed no further in course of law, they hereby mutually agree, by and between themselves, to refer all matters relating thereto at variance between them to the decision and adjustment of three disinterested persons, whose report and action shall be final; and in whose decision the said parties hereby mutually pledge their honor as men to abide." The award under the agreement was a sufficient foundation for a judgment, but required the approval of the court.

5. The award was filed and judgment entered on the judgment index without the approval of the court, this was a clerical error and a nullity.

[Summy v. Hiestand.]

6. The award was afterwards approved and judgment directed to be entered; this was a final judgment.

7. The neglect of the prothonotary to enter it did not affect its validity as a judgment between the parties, although it might endanger the lien as to third persons.

8. Benjamin v. Benjamin, 5 W. & S. 562, Wall v. Fife, 1 Wright 394, Brendlinger v. Yeagley, 3 P. F. Smith 464, distinguished.

May 2d 1870. Before THOMPSON, C. J., READ and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Lancaster county :* No. 1, to May Term 1870.

On the 26th of February 1867, John Hiestand, Jr., brought an action of slander against John H. Summy, and the following agreement was filed in the case :—

"And now, to wit: August 6th 1867. It being desired by the parties in the above case that the same shall proceed no further in course of law, they hereby mutually agree, by and between themselves, to refer all matters relating thereto at variance between them to the decision and adjustment of three disinterested persons, whose report and action shall be final; and in whose decision the said parties hereby mutually pledge their honor as men to abide."

Arbitrators being chosen under the agreement, they awarded, August 24th 1867, in favor of the plaintiff, $508.33. The award was filed the same day, and this entry was then made in the judgment index :—

| Defendants. | Plaintiffs. | When Entered. | Real Debt. | Term. | Number. |
|---|---|---|---|---|---|
| SUMMY, JOHN H.. | HIESTAND, JOHN, JR. | August 24 1867 | $508.33. | April, 1867. | 104. |

On the 9th of September, the defendant obtained a rule to strike off the entry of the award of arbitrators; the rule was discharged November 14th 1868. On the same day the plaintiff obtained a rule to show cause why the award should not be approved by the court and entered as a judgment against the defendant. This rule was made absolute April 17th 1869, Long, P. J., delivering the opinion of the court.

The defendant took out a writ of error and assigned for error,

1. The refusal of the court to strike off the entry of the award.

2. Directing judgment to be entered on the award.

*N. Ellmaker,* for plaintiff in error, referred to Benjamin v. Benjamin, 5 W. & S. 562; Wall v. Fife, 1 Wright 394: Act of June 16th 1836, § 6, Pamph. L. 717, Purd. 51, pl. 6.

*J. B. Livingston* and *W. A. Wilson,* for defendant in error, cited Henneigh & Co. v. Kramer, 14 Wright 530; Christman v. Moran, 9 Barr 487; Gallup v. Reynolds, 8 Watts 425; Hughes v. Peaslee, 14 Wright 257; Brooke v. Bannon, 3 W. & S. 382;

Browning *v.* McManus, 1 Wharton 177; Graham *v.* Graham, 2 Jones 128 ; Mitchell *v.* Wilhelm, 6 Watts 259 ; Bemus *v.* Clark, 5 Casey 251; Wall *v.* Fife, 1 Wright 394 McAdams *v.* Stillwell, 1 Harris 90. A formal agreement to make the submission a rule is not necessary : Harris *v.* Hayes, 6 Binn. 422 ; Large *v.* Passmore, 5 S. & R. 51; Bemus *v.* Quiggle, 7 Watts 364 ; Kimmel *v.* Shank, 1 S. & R. 24; Okison *v.* Flickinger, 1 W. & S. 257 ; Massey *v.* Thomas, 6 Binn. 333 ; Buckman *v.* Davis, 4 Casey 214 ; Coleman *v.* Lukens, 4 Wharton 347 ; Ford *v.* Keen, 1 Harris 179.

The opinion of the court was delivered, May 12th 1870, by

SHARSWOOD, J.—That there was an action pending in the court below and that the agreement of reference was confined to the matters in variance in that suit does not leave it open to contention, that it must be considered as having been made under the sixth section of the Act of June 16th 1836 (Pamph. L. 717) This section was a mere re-enactment of the Act of 1705, in the construction of which, as well as of the present law, it has been uniformly held that no express agreement that it shall be made a rule of court is necessary. A reference to the pending action is sufficient : McAdam's Executors *v.* Stillwell, 1 Harris 90 ; Buckman *v.* Davis, 4 Casey 24 ; Painter *v.* Kistler, 9 P. F. Smith 331. It would be a strained interpretation of a submission by the parties themselves evidently without the assistance of their counsel, to hold that the clause providing that the suit " should proceed no further in course of law," meant that the action should be discontinued, and thus be taken entirely out of court. Nothing is said as to the costs already incurred, and without the payment of them the suit could not be discontinued. The case bears no resemblance to Brendlinger *v.* Yeagley, 3 P. F. Smith 464, for there besides an agreement " to stop all further proceedings at law," the submission was not confined to matters in variance in the cause, but embraced " all former transactions between the parties." Neither has Benjamin *v.* Benjamin, 5 W. & S. 562, any applicability, for that was an award under the first section of the Act of 1836 of a controversy for which no action was pending. In Wall's Administrators *v.* Fife, 1 Wright 394, there was an agreement to enter an amicable action and to refer at the same time, and the judgment entered on the award pursuant to the agreement was sustained without compliance with the provisions of the first and second sections of the Act of 1836. That was said not to be referable to any statute in terms, but that it was competent to the parties to settle their differences in their own way.

The award in this case was therefore a sufficient foundation for a judgment, but no doubt it required the approval of the court, which was formally given, when the rule to show cause why the award should not be approved and entered as a judgment was made

[Summy v. Hiestand.]

absolute. That was a final judgment for the amount found by the arbitrators, and should have been so entered by the prothonotary on the judgment docket. His neglect or omission to do so may perhaps endanger the lien of it as to third persons: Bear v. Patterson, 3 W. & S. 236; but as between the parties there is a valid final judgment of record: Montelius v. Montelius, 5 Penna. Law Journal 88. The prior entry upon the index of the award before approval was a mere clerical error—a nullity—and no doubt the court, if applied to by the defendant, would have ordered it to be stricken off.

Judgment affirmed.