# Weaver *v.* McDevitt, Appellant.

*Landlord and tenant—Judgment—Confession of judgment—Ejectment—Lease.*

Where a landlord has entered judgment by confession under a warrant contained in a lease which provided that in case of default "any attorney may immediately thereafter, as attorney for the said lessee at the sole request of the said lessor, sign an agreement for entering in any competent court an amicable action and judgment in ejectment," and the record fails to show that any such agreement was signed by any attorney for the lessee, the judgment will be set aside.

Argued Oct. 23, 1902. Appeal, No. 145, Oct. T., 1902, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1902, No. 4273, discharging rule to set aside judgment in case of Alvin M. Weaver v. Frank McDevitt. Before RICE, P. J.,

598        WEAVER *v.* McDEVITT, Appellant.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Amicable action in ejectment.

Rule to open and set aside a judgment.

From the record it appeared that on May 26, 1902, plaintiff caused an amicable action in ejectment to be entered against defendant for possession of the premises in rear of 222 Summer street. On the same day judgment was entered by confession. The record failed to show that any agreement to confess judgment had been signed by an attorney for the lessee. The lease provided for the signing of such an agreement by an attorney for the lessee. The court discharged the rule.

*Error assigned* was the order of the court.

*Henry J. Scott*, for appellant.—The agreement placed upon record is void in not being signed by any attorney as attorney for the defendant, in accordance with the provisions of the lease : Patterson v. Pyle, 1 Mona. 351 ; Secor v. Shippey, 7 Pa. C. C. Rep. 555 ; Hand v. Suravitz, 10 Pa. C. C. Rep. 302 ; Hughes v. Moody, 10 Pa. C. C. Rep. 305 ; Connay v. Halstead, 73 Pa. 354 ; Lytle v. Colts, 27 Pa. 193.

*Louis DePui Vail*, for appellee.

OPINION BY W. D. PORTER, J., December 13, 1902 :

The right of the plaintiff to enter a judgment by confession was dependent upon the provisions of his written lease, which contained a covenant for forfeiture on default by the lessee, and the warrant for entry of judgment was in these words : " and any attorney may immediately thereafter, as attorney for the said lessee, at the sole request of the said lessor, sign an agreement for entering in any competent court, an amicable action and judgment in ejectment (without any stay of execution or appeal) against the said lessee and all persons claiming under said lessee for the recovery by the said lessor of possession of the hereby demised premises, without any liability on the part of the said attorney, for which this shall be a sufficient warrant." The plaintiff filed a copy of the lease and what

purported to be an agreement for an amicable action and judgment in ejectment, but this agreement was signed by the attorney for the plaintiff, alone, and not by any attorney for the defendant, the lessee.   The terms of the warrant made the signing of the agreement by an attorney for the lessee a condition precedent to the entry of the judgment.   This appears upon the face of the record, which also shows that the condition had not been performed.   When the defendant moved to set the judgment aside, the answer ought to have been made by satisfying the court that there really was a confession of judgment, and by having the record amended according to the fact.   The record now shows nothing to sustain the judgment: Lytle v. Colts, 27 Pa. 193 ; Summy v. Hiestand, 65 Pa. 300.

Judgment reversed and record remitted.