## Eddy, Appellant, *v.* Smiley.

*Judgment—Confessed judgment—Warrant of attorney—Variance in names.*
A judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it is entered.
A warrant of attorney to confess judgment to "The R. G. Eddy Marble and Granite Company of Meadville," will not sustain a judgment confessed to R. G. Eddy individually.

Argued May 17, 1904. Appeal, No. 153, April T., 1904, by plaintiff, from order of C. P. Crawford Co., making absolute rule to strike off judgment in case of R. G. Eddy v. M. M. Smiley. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off judgment.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*E. Lowry*, of *H. J. Humes & Son*, for appellant.

*F. P. Ray* filed no printed brief.

OPINION BY PORTER, J., October 17, 1904 :
Judgment was entered by confession against the defendant in favor of R. G. Eddy individually, as the only plaintiff. The defendant presented a petition setting forth, among other things : " That the contract or lease upon which the judgment

had been entered was not a contract made by the defendant with the plaintiff," and upon her motion the judgment was stricken off.   The record showed a warrant of attorney from the defendant to confess judgment in favor of " The R. G. Eddy Marble & Granite Company, of Meadville," and in the agreement in which that warrant was embodied the defendant assumed no covenants in favor of any other person.   A judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it is entered: Lytle v. Colts, 27 Pa. 193 ; Summy v. Hiestand, 65 Pa. 300 ;  Weaver v. McDevitt, 21 Pa. Superior Ct. 597.   If the present plaintiff had succeeded to the rights of the Marble & Granite Company, it was still necessary to make that company the legal plaintiff in any judgment entered upon the warrant.   The agreement between the defendant and the Marble & Granite Company does not it is true, indicate whether the latter was a partnership or a corporation, and the record in any action upon the agreement should be made to clear up that uncertainty.   This plaintiff cannot recover upon the written agreement without in some manner connecting himself with the company with which the defendant entered into covenants : Bellas v. Hays, 5 S. & R. 427 ; Hopkins v: Mehaffy, 11 S. & R. 126 ; Abrams v. Musgrove, 12 Pa. 292.

The order of the court below is affirmed.