## Agricultural Trust Co., Appellant, *v.* Brubaker & Shaub.

*Judgment—Judgment notes—Entry of judgment—Maker—Endorser—Separate judgments—Act of 1806.*

A judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it was entered. The prothonotary entering the judgment does not act as an officer of the court; his hand is not that of the court entering upon record a judgment duly pronounced by the law. He derives his authority solely from the Act of 1806. To exercise the

power conferred by that statute he must obey its mandatory directions, otherwise he remains a mere volunteer and his action is without legal effect.

A joint judgment cannot be entered against an endorser and maker on two separate judgments.

Where a judgment note has been endorsed and the endorser has executed a warrant of attorney to confess judgment on the back of the note, the endorser is not liable for the same unless the note is unpaid by the maker at maturity, and it was error for the prothonotary to enter a joint judgment against a maker and endorser on the authority of the note, and in so doing he did not execute the warrant of attorney to confess judgment given by the endorser. The proper procedure, under such circumstances, was to enter a judgment against the maker, and if the note remained unpaid at maturity to enter a separate judgment against the endorser on the warrant contained in his endorsement.

Argued November 10, 1919.   Appeal, No. 96, Oct. T., 1919; by plaintiff, from judgment of C. P. Lancaster County, Aug. T., 1917, No. 276, discharging rule to amend entry of a joint judgment in the case of J. Edward Shaub, now to the use of The Agricultural Trust Company, v. C. H. Brubaker and J. Edward Shaub.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Reversed.

Rule to strike off judgment and to amend judgment. Before HASSLER, J.

The opinion of the Superior Court states the case.

The court discharged the rule to amend the judgment and made absolute the rule to strike off the judgment against J. Edward Shaub.   Plaintiff appealed.

*Error assigned* was the order of the court.

*H. Frank Eshleman,* and with him *B. F. Davis,* for appellant.—The judgment against the endorser should have been entered separately and, because of the prothonotary's mistake, the court should order the record to be amended: Buchanon v. Moore, 10 S. & R. 275; Harvey

v. Thomas, 10 Watts 63; Woods v. Halsey, 9 Pa. 144; Given v. Given, 25 Pa. Superior Ct. 467; Fraley's App., 76 Pa. 42; Smith v. Hood, 25 Pa. 218; 23 Cyc. 864.

There was no judgment against the endorser, except in form, and the warrant of attorney to confess was, therefore, not exhausted: Ramsey's App., 2 W. 228; Banning v. Taylor, 24 Pa. 289; Feger v. Kroh, 6 W. 294; Book v. Edgar, 3 W. 29; Jamison Co. v. Earnest, 66 Pa. Superior Ct. 586.

*F. Lyman Windolph,* and with him *C. E. Charles,* for appellee.—When the first judgment was entered pro confesso the power of attorney was exhausted: Mars National Bank v. Hughes, 243 Pa. 223; Phila. v. Johnson, 208 Pa. 645; Com. v. Massi, 225 Pa. 548; Bellevue Boro. v. Hallett, 234 Pa. 191; Fraley's App., 76 Pa. 42.

OPINION BY HEAD, J., February 28, 1920:

This appeal, with another between the same parties were argued together. Each one rests on a separate order made by the court below in disposing of certain rules that had been obtained on various phases of what may be termed a single transaction. We shall state the facts as briefly as possible in this opinion, which will indicate the reasons for our disposition of each appeal.

One Brubaker, executed and delivered to Shaub, appellee, a promissory note under seal, obliging himself to pay to Shaub the sum of $400. The maker in and by the same instrument, confessed judgment in the sum named, with interest, etc. This note was dated August 23, 1917, payable sixty days after date, and is the only note or single bill executed by anybody in the course of the entire transaction. On the same day and on the back of the same paper, Shaub, the payee in the note, executed an obligation to the Agricultural Trust Company, the appellant. By the terms of this instrument Shaub assigned the note to the trust company and guaranteed the payment of the same at maturity, and then authorized any

attorney of record to appear for him and confess judgment against him in favor of the said bank for the within sum, interest, costs, etc.  It is important to keep in mind the fundamental fact that there were thus created by two different persons two separate obligations differing in form and substance, and that each of these papers contained a warrant for the entry of a judgment against the individual executing it according to the tenor and effect of the instrument.  This paper containing the two separate obligations referred to was held by the trust company until October 22, 1917, when it was delivered to the prothonotary of the Court of Common Pleas of Lancaster County for the purpose of having him execute the warrants as he was authorized to do by our Act of 1806.

At No. 276 of August Term, 1917, of that court, appears the evidence of what the prothonotary actually did, and we quote the docket entry:

"Agricultural Trust Company's
use
vs.
C. H. Brubaker
J. Edward Shaub.
August Term 1917
No. 276.

"Debt $400.  Judgment against defendant in the sum of $400 on judgment single bill under seal dated August 23, 1917, payable 60 days after date with six per cent. interest value received.

"Entered and filed October 22, 1917.

"A. E. LEAMAN, Prothonotary."

This was the action of the prothonotary, and upon the determination of the legal effect of that action must depend the disposition of both appeals.  We might note here we have no question concerning the effect of the prothonotary's action on Brubaker, the maker of the note; he is not a party to either appeal.  It appears he became a bankrupt and was in due course discharged, and apparently has no further interest in the controversy.  Our

question then is confined to a determination whether or not the prothonotary, by the action evidenced by the docket entry we have quoted, executed the warrant placed in his hands as against Shaub.

In March, 1918, Shaub presented a petition for a rule to show cause why the judgment should not be opened as to him, and a rule was granted. This rule was discharged in an opinion filed on July 6, 1918. The opinion is not before us as that order was not appealed from. On the date last mentioned the defendant presented another petition and obtained a rule to show cause why the judgment should not be stricken off. An answer was filed and that rule was argued and disposed of at the same time as the other orders to which we shall not advert. On the 30th of November, 1918, the plaintiff trust company filed its petition, asking for a rule to show cause why the record of the judgment referred to should not be amended, by splitting into two parts what had been done by the prothonotary; so that at No. 276 there should be a judgment against Brubaker alone in execution of the warrant he signed, and at a new number, 276½, a separate judgment against Shaub in execution of the warrant he had signed. On the same day the plaintiff appellant had the prothonotary enter an entirely separate judgment against Shaub alone, to No. 59 of November Term, 1918, on the theory that the warrant of attorney signed by him had never been executed. The court below refused the prayer of the petition to amend the record, discharged the rule to amend the docket entries and strike off the judgment as to Shaub, and at the same time made absolute a rule that had been obtained by Shaub to strike off the judgment at No. 59, November Term, 1918, on the ground that the warrant which was the foundation of the action by the prothonotary had been exhausted by what had been previously done. An appeal was taken from each of these orders.

There is no necessity for a discussion of the well established principle that but one judgment can be entered

on a single warrant for that purpose. The cases on the subject are numerous, and the doctrine perfectly well recognized. It is equally plain that where a warrant has been executed in substantial accord with its terms, but the manner of the execution has been irregular, the court is vested with power to make such amendment of the record as will bring it into harmony with the terms of the warrant: Smith v. Hood, 25 Pa. 218; Girard Insurance Company v. Bank, 57 Pa. 388. Let us apply these principles to the original action of the prothonotary and then determine whether or not there ever was a judgment against Shaub as the result of that action.

In such cases the prothonotary does not act as the officer of the court; his hand is not that of the court entering upon the record a judgment duly pronounced by the law. He derives his authority solely from the Act of 1806. To exercise the power conferred by that statute, he must obey its mandatory directions else he remains but a mere volunteer and his action is without legal effect. Now the statute requires that he enter "on his docket the date and tenor of the instrument of writing on which the judgment may be founded." Manifestly the reason for this requirement is that the foundation for the entire proceeding is in the written obligation of the party against whom the judgment is to be entered, and a proper reference to it is necessary to make the record self-sustaining. So we said in Eddy v. Smiley, 26 Pa. Superior Ct. 318: "A judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it was entered: Lytle v. Colts, 27 Pa. 193; Summy v. Hiestand, 65 Pa. 300; Weaver v. McDevitt, 21 Pa. Superior Ct. 597."

Now let us examine the record evidence of what was done by the prothonotary, and see if it discloses the substance of a judgment against Shaub in execution of the warrant signed by him. The plaintiff named in the caption is "Trust Company's use" and therefore a use as distinguished from a legal plaintiff. This would con-

form to the warrant signed by Brubaker, whose obligation had been assigned to the bank, but not to that of Shaub, whose undertaking was directly to the bank. Next we observe the prothonotary declares he entered judgment "against defendant" i. e., one person. Even if we concede that expression standing alone might be said to have referred to Shaub, one of the two persons named in the caption, we are not left in doubt as to the personality of the defendant intended to be affected when we read that the prothonotary was executing a warrant attached to a "judgment single bill." There was but one such warrant. It was signed by Brubaker alone; it no more authorized a judgment joint or separate against Shaub than against any stranger to the entire proceeding. It might be argued there was the substance of a judgment against Brubaker. If there was the record might be amended to harmonize with the fact, and there would be a basis for the conclusion that his warrant was exhausted. If we are to view the work of the prothonotary as an attempt to create a joint judgment, this court clearly pointed out in Blatt Company v. McCarthy, 54 Pa. Superior Ct. 463, that no such judgment could be supported by either or both of the warrants, and it was stricken from the record.

The undertaking of Shaub with the bank was undeniably collateral in its nature and effect. Had the principal debtor paid at maturity, as he had bound himself to do, any judgment properly entered on Shaub's warrant would have been satisfied on payment of costs. Nowhere on the record did the prothonotary "enter on his docket the tenor and effect of the instrument" that would support a judgment against Shaub until he properly executed that warrant at No. 59, November Term, 1918.

Under the facts as we have stated them, and for the reasons pointed out, our conclusion is the prothonotary entered no judgment against Shaub by the action taken at No. 276, August Term, 1917. What he there did was

supported by no warrant or confession signed by Shaub, and was wholly ultra vires as to him. Whether we regard the language of the record that a judgment was entered against a single defendant or that a judgment was entered on a single bill not signed by Shaub, we reached the conclusion that the action of the prothonotary was wholly nugatory in creating a judgment against him. That being true, the warrant of attorney he had given authorizing confession of a judgment against him directly to the bank on his collateral obligation to it, had never been executed until the prothonotary at No. 59, November Term, 1918, entered a judgment in favor of the trust company and against Shaub, in accordance with the tenor and effect of the obligation he had created and the warrant of attorney he had signed. It would then logically follow that the action of the court in striking off the judgment last referred to was erroneous. It must also follow that the remaining appeal should be dismissed because there being no judgment against Shaub at No. 276 there was nothing to amend at his instance, and on his application an order will be made dismissing that appeal.

The order of the court below making absolute the rule to strike off the judgment at No. 59, November Term, 1918, in the court below, is reversed and set aside and the record is remitted to that court with directions to discharge the said rule at the costs of the petitioner.