## Disanto v. Rowland.

*Judgments by confession—Construction of warrant—Striking off—Act of Feb. 24, 1806.*

1. The Act of Feb. 24, 1806, 4 Sm. Laws, 270, authorizing the prothonotary of any court of record within this Commonwealth to enter judgment for the amount which from the face of the instrument may appear to be due, without the agency of an attorney or declaration filed, etc., in favor of the holder of an instrument in writing in which judgment is confessed or which contains a warrant of attorney to confess judgment, applies only where the amount due can be determined from the face of the instrument, and the judgment is entered without the intervention of an attorney.

2. A confession of judgment by an attorney is valid if within the scope of his authority as found in the warrant of attorney under which the judgment is confessed. Any departure from the authority conferred will not be sustained.

3. A judgment confessed by an attorney under a warrant of attorney in a lease will be stricken off when the confession is not within the authority contained in the warrant.

Motion to strike off judgment. C. P. Dauphin Co., Sept. T., 1922, Nos. 91 and 92.

*Lynn M. Irvine* and *John C. Nissley,* for plaintiff.

*Oscar G. Wickersham,* for defendant.

Fox, J., May 24, 1923.—Upon petition, a rule was granted to strike off the judgment entered against the defendant to No. 92, September Term, 1922, and

the matter is submitted to us on petition, answer and depositions. The judgment was entered upon a confession by an attorney appearing for the defendant in the sum of $200, $25 of which was for one month's rent overdue and unpaid and $175 "damages for opening sewer." The warrant of attorney was filed with the prothonotary; it was embraced in a lease from the plaintiff to the defendant, a copy of which lease was filed with the confession of judgment. We were informed at the argument of the case that the rent in arrears, amounting to $25, was paid subsequent to the entry of judgment.

The only question for the court to determine is whether the confession of judgment for the sum of $175 is valid.

The lease, *inter alia*, provides: "And the lessee does covenant with the lessor to keep all sewers and drains free and clear from obstruction; all water-pipes, boilers and closets protected from freezing; should any stoppage be permitted to occur in sewers or drains, or damage result therefrom, or from freezing or overheating, as above provided against, the cost of removing obstructions and the damage resulting therefrom shall be added and collected as rent; and said lessee hereby authorizes any attorney to appear for and to enter judgment against said lessee for the rent and charges reserved for said term with declaration and costs of suit, with 5 per cent. added for same for collection fees, with release of errors without stay of execution."

The defendant contends that the judgment should be stricken off for the reason that the exact amount of it cannot be ascertained from the face of the lease and is in violation of the Act of Feb. 24, 1806, § 28, 4 Sm. Laws, 270, 278, and that the attorney exceeded his authority in the confession of this judgment. The act of assembly referred to provides as follows: "It shall be the duty of the prothonotary of any court of record within this Commonwealth, on the application of any person, being the original holder (or assignee of such holder) of a note, bond or other instrument of writing in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment, to enter judgment against the person or persons who executed the same for the amount which, from the face of the instrument, may appear to be due, without the agency of an attorney or declaration filed, etc."

We do not think this act is applicable to this case. The purpose of it was to save the intervention of an attorney in the confession of a judgment. But in this case the attorney for the defendant did act and confess the judgment. If it were a case of the prothonotary entering the judgment without the intervention of an attorney, it could not be done, as the amount could not be determined from the face of the instrument: Connay v. Halstead, 73 Pa. 354; Zimmerman v. Challenger, 14 Dist. R. 548.

Under the provisions of the lease, authority was given to any attorney to appear for the lessee and to enter judgment against him and in favor of the plaintiff for "the rent and charges reserved for said term," etc., and the cost of removing obstruction from the sewer, and damage resulting therefrom shall be added to and collected as rent.

The simple question here is, did the attorney, in confessing this judgment, exceed his authority as contained in the warrant of attorney set forth in the lease?

The general rule is that the authority given by warrant of attorney must be strictly pursued: Eddy v. Smile, 26 Pa. Superior Ct. 318; 23 Cyc., 705, and at page 707 it is said: "A warrant of attorney to confess judgment will not warrant the entry of a judgment for any other debt, liability or claim than the one specifically set forth or disclosed in the papers."

3 D. & C.

Disanto v. Rowland.

Whatever a person may do for himself, he may do by another, and a confession of judgment made by an attorney is valid if it is made within the scope of his authority, but the attorney is held to strict compliance to the authority conferred. Whatever he does, to be sustained, must be within the scope of his authority. Any departure from the authority conferred will not be sustained because there is a want of power. This is fundamental.

In this case the authority was to enter judgment for the "rent and charges reserved for said term, with declaration, etc." In the confession of the judgment the sum of $175 is not mentioned as rent, nor is it set forth as a charge, but as "damages for opening the sewer." We find no authority in the lease given to the attorney to confess judgment for damages for opening the sewer. The authority is limited to "rent and charges," and the confession is for neither of these.

The judgment now stands in the amount of $175, and is for "damages for opening sewer." The lease provides: "Should any stoppage be permitted to occur in sewer or drain, or damage resulting therefrom, or from freezing or overheating, as above provided against, the cost of removing obstruction and damage resulting therefrom shall be added and collected as rent." The depositions show that $25 was paid by the plaintiff to W. A. Klitch (Exhibit "B") for exploring the location of the sewer and removing some obstruction therefrom, and the sum of $150 to Lewis Vagaggini (Exhibit "C") for cleaning and reconstruction of the sewer.

There is nothing in the lease providing that a judgment may be confessed upon warrant of attorney for searching for the sewer and for the reconstruction of it. The depositions do not disclose any "damages for opening the sewer." The only matters beside the actual rent for which the attorney could confess judgment under the terms of the warrant would be the cost of removing obstruction in the sewer and the damage resulting from obstruction. The cost of removing obstruction from the sewer and the damage resulting from the obstruction, if any, are not disclosed by the depositions, and if they were disclosed, they should be added to and confessed as rent. This was not done by the attorney. There is no authority given to the attorney to confess judgment for "damages for opening the sewer."

In the case of Cobb Bros. v. Yetter, 4 Pa. C. C. Reps. 293, the court, quoting from Chase v. Dana, 44 Ill. 262, said: "A warrant of attorney must contain within itself full authority for the acts which are claimed to be done under and by virtue of it. I do not mean to say that there may not be a reference to things without itself as a standard of action, but in such case the reference must be unambiguous and the standard clearly defined. A warrant of attorney to confess judgment forms no exception to these well-established principles. When produced for inspection or filed in the case, the judgment confessed by virtue of it must be found to be within the scope of the authority therein contained." And in the case of Sayers v. Red Bank Telephone Co., 25 Dist. R. 655, it was held: "That a judgment entered under a power of attorney which requires parol evidence to determine the amount of the judgment is void and will be stricken off. The instrument on its face must show the authority under and by virtue of it."

Wherefore, we conclude that the confession of judgment was not made within the scope of authority as contained in the warrant of attorney in the lease, and that the judgment should be stricken off.

And now, May 24, 1923, rule to strike off the judgment is made absolute.

From George R. Barnett, Harrisburg, Pa.