## Pestcoe v. Erlick.

*Landlord and tenant—Warrant to confess judgment in ejectment.*

1. Where a lease contains a warrant to confess judgment in ejectment on a breach of certain enumerated covenants, a money judgment cannot be entered for rent in arrears or for rent which may subsequently fall due, in the absence of a specific warrant to enter such judgment.

2. Where a judgment has been entered under a warrant of attorney in a lease and it appears that the agreement for the amicable action was signed by the attorney for the lessor and not by the attorney for the lessee, as the lease required, the judgment will be stricken off.

Rule to strike off judgment. C. P. No. 5, Phila. Co., June T., 1925, No. 7810.

*B. Pestcoe*, for plaintiff; *J. M. Smith*, for defendant.

PER CURIAM, Sept. 29, 1925.—Defendant leased from plaintiff properties Nos. 124 and 126 Lombard Street, in the City of Philadelphia, for the term of four years from Aug. 31, 1923, at the rental of $110 per month for the first two years and $125 per month for the last two years, payable in advance on the first day of each month. The rent was to begin Sept. 1, 1923.

The lease provided if the rent or any charge included as rent remained unpaid, the lessor might enter the premises and without demand proceed by distress and sale of the goods there found to levy the rent and all other charges payable as rent. The lessee waived the benefit of all exemption laws, extending the waiver to execution issued in proceedings for collection of rent or other charges reserved as rent, for expense incurred in removing ashes, rubbish or refuse matter from the premises, and for damages for the non-fulfillment of any of the covenants in the lease. These provisions were followed by a clause—"that this lease shall be a sufficient warrant to said lessor to confess judgment therefor against said lessee."

There is further provision if the lessee attempts "to remove, or manifest an intention to remove, the goods and effects out of or off from said premises without having paid and satisfied the said lessor in full for all rent which shall become due during the term of this lease, or any renewal thereof, that then and in such case such removal, or attempt to remove, shall be considered fraudulent and the whole rent for the whole term of this lease, or any renewal thereof, shall be taken to be due and payable; and the said lessor may proceed by landlord's warrant or other process to distrain and collect the whole in the same manner as if by conditions of this lease the whole rent were payable in advance;" and if the lessee removed during the term, or ceased to use or occupy the premises, the lessor was authorized to re-enter and lease the premises to any other person and hold the lessee liable for any loss of rent.

If the rent was in arrears and unpaid, or if the lessee underlet the premises or failed to comply with the conditions of the lease and did not perform and fulfill each covenant and agreement, the lessor had the option of determining the lease, and any attorney was authorized immediately thereafter, as attorney for the lessee, at the request of the lessor, to sign an agreement for entering an amicable action and judgment in ejectment (without stay of execution or appeal) against the lessee and all persons claiming under him for recovery of possession of the demised premises without liability on the part of the attorney, for which the lease was to be sufficient warrant, and thereupon a writ of *habere facias possessionem* might issue without any prior writ or proceedings; and it was provided that "no such determination of this lease, nor taking or recovering possession of the premises, shall deprive the lessor of any action against the lessee for possession, for rent or any expenses

incurred in removing ashes, rubbish or refuse matter from the premises, or otherwise, or for damages."

Plaintiff filed the original lease in the prothonotary's office on July 9, 1925, with an averment "that on or about May 20, 1925, the above-named defendant did unlawfully vacate, desert and remove from the aforesaid premises before the expiration of the term of the said lease, and he, the said defendant, failed and defaulted to pay the rent due June 1, 1925, and thereafter. The rental being at the time of the removal from the aforesaid premises by the said defendant in the sum of $110 a month.

Wherefore, the plaintiff claims of the defendant the rental for two years and two months, in accordance with the terms as more particularly set forth in said lease, which is made up as follows:

| | |
|---|---:|
| Rental for balance of second year from June 1, 1925, to July 1, 1925, at $110 a month.................................... | $220 |
| Rental for third year of said lease from August 1, 1925, to August 1, 1926, at $125 per month....................... | 1500 |
| Rental for fourth year of said lease from August 1, 1925, to August 1, 1927, at $125 a month......................... | 1500 |
| Total......................................... | $3220 |

Judgment was entered by the prothonotary for the entire claim.

On July 27th the petition of defendant was filed, averring that no provision in the lease authorized an entry of judgment for rent for the balance of the term, and that, therefore, the judgment was unlawful and improperly entered.

This rule was granted to show cause why the judgment should not be stricken off.

An answer was filed by plaintiff, admitting the allegations of fact in the petition and averring that "the terms of the written lease speak for themselves, and that sufficient power and authority is given by said lease for the entry of said judgment under the terms thereof."

The remedy provided by the lease for non-payment of rent permits the lessor to enter the premises and distrain. Following the clause relating to a waiver of exemption there is a further provision in the lease that the whole rent for the term will become due if the lessee removes the goods from the premises.

If the tenant himself moves, the lessor is authorized to take possession and re-rent to another tenant, holding the original tenant liable for any loss.

Confession of judgment is confined to an ejectment upon failure of the lessee to comply with the terms of the lease.

The right to demand payment of rent for the entire term is limited to the removal, or attempted removal, of "goods and effects out of or off from said premises without having paid and satisfied the lessor in full for all rent." There is no averment that the lessee's goods have been removed from the premises.

. The provision "that this lease shall be a sufficient warrant to said lessor to confess judgment therefor against the said lessee" relates to no amount which upon the face of the lease appears to be due. The clause immediately preceding this paragraph prescribes the waiver of exemption from execution, and includes "all suits, actions or proceedings for the collection of rent or other charges herein reserved as rent due and in arrears, for any expenses incurred in removing ashes, rubbish or refuse matter from said premises and

Pestcoe *v.* Erlick.

for damage for the non-fulfillment of any of the covenants contained;" but the subjects enumerated are not those that warrant entry by the prothonotary of judgment for an amount "which from the face of the instrument may appear to be due:" Act of Feb. 24, 1806, P. L. 334, 348.

In the lease there is a method provided for collecting rent, for enforcing covenants and for obtaining possession of the premises, but the warrant of attorney which authorizes action by the prothonotary is confined to an entry of judgment in ejectment, and there is no authority conferred upon him to enter a summary judgment for rent now in arrears or for rent which may subsequently fall due.

In Heeren *v.* Remington, 47 Pa. Superior Ct. 437, it was held an agreement that rental for the whole term may be accelerated and become immediately due upon default in payment of any instalment is enforceable; and if the lease contains a warrant of attorney authorizing confession of judgment upon default in any of the covenants, and provides, in case of default of any instalment, the whole of the unpaid rent for the entire term becomes due and payable, judgment may be entered for the entire rent.

In the present case the condition upon which the entire rent may become due was limited to the act of removing, or manifesting an intention to remove, the goods and effects out of or off from the leased premises without having paid or satisfied the lessor in full for rent to become due during the term of the lease.

In Shapiro *v.* Malarkey, 278 Pa. 78-82, where the lease contained a confession of judgment in favor of the landlord for the whole amount of the rent, Mr. Justice Simpson said, quoting from O'Maley *v.* Pugliese, 272 Pa. 356-358: "The judgment was confessed as provided in the bond, and the warrant being without limit as to time, it was not necessary to await the maturity of the obligation;" but it may be added: "A judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it is entered:" Eddy *v.* Smiley, 26 Pa. Superior Ct. 318-319.

The case of Weaver *v.* McDevitt, 21 Pa. Superior Ct. 597-599, is an illustration of the lessor being confined to the authorization contained in the lease. It was there said: "The right of the plaintiff to enter a judgment by confession was dependent upon the provisions of his written lease, which contained a covenant for forfeitures on default by the lessee."

The warrant for entry of judgment authorized any attorney, as attorney for the lessee, at the request of the lessor, to sign an agreement for entering an amicable action and judgment in ejectment against the lessee for recovery of possession of the demised premises. "The plaintiff filed a copy of the lease and what purported to be an agreement for an amicable action and judgment in ejectment; but this agreement was signed by the attorney for the plaintiff alone and not by any attorney for the defendant, the lessee. The terms of the warrant made the signing of the agreement by an attorney for the lessee a condition precedent to the entry of the judgment. This appears upon the face of the record, which also shows that the condition had not been performed." The following language employed in that case, "The record now shows nothing to sustain the judgment (Lytle *v.* Colts, 27 Pa. 193; Summy *v.* Hiestand, 65 Pa. 300)," may be adopted and applied to the case now under consideration. Rule absolute.