### Seltzer et al. v. Novor & Israel et al.

G. D. Weiss, for plaintiffs; M. G. Weinberg, for defendants.

MARTIN, P. J., July 25, 1929.—Defendants leased the third floor of the building No. 637 Market Street for the term of one year commencing April 15, 1921, at the rent of $1200, payable in monthly instalments of $100. There was a provision in the lease that either party might terminate it at the end of the term, or any renewal thereof, by giving the other sixty days' written notice, and upon default of notice the lease was to continue for a further period of one year, and so on from year to year until terminated by either party giving to the other sixty days' written notice previous to the expiration of the then term.

It was stipulated in the lease that if the rent, or any charges included as rent, should be in arrear and unpaid, or if the lessee underlet or otherwise used the premises in any way other than as expressed in the lease, or failed to comply with the conditions of the lease or notice given under the terms of the lease, or did not fulfill every covenant and agreement on the part of the lessee to be performed, the lease would determine at the option of the lessor, and any attorney was authorized as attorney for the lessee, at the request of the lessor, to sign an agreement for entering an amicable action and judgment in ejectment for recovery of possession of the demised premises.

On June 10, 1925, judgment was entered in an amicable action in ejectment at the suit of the lessors against the lessees and possession of the property was delivered to the lessors.

On July 1, 1929, judgment was entered against the lessees for thirteen months' rent alleged to be due under the terms of the lease from March 4, 1925, to March 4, 1926, inclusive. An averment of default was filed by plaintiffs and judgment was confessed by the lessors against the lessees pursuant to the authority claimed to be contained in the lease in the clause: "Said lessee hereby waives the benefit of any and all exemption laws now made or which may hereafter be made releasing goods on said premises or elsewhere

from levy and sale for rent and other charges herein reserved as rent, and the said lessee further agrees that this waiver shall extend and be applicable to any process, execution or executions that may be issued in any and all suits, actions or proceedings for the collection of rent or other charges herein reserved as rent due and in arrears, for any expense incurred in removing ashes, rubbish or refuse matter from said premises and for damage for the non-fulfillment of any of the covenants contained, and that this lease shall be a sufficient warrant to said lessors to confess judgment therefor against said lessee."

It was agreed that if rent was at any time unpaid, the lease should, at the option of the lessors, cease and absolutely determine, and any attorney immediately thereafter was authorized as attorney for the lessees to sign an agreement for entry in an amicable action and judgment in ejectment; there was no warrant for the entry of a money judgment for rent: Ellis v. Ambler, 11 Pa. Superior Ct. 406.

The clause that waives the benefit of the exemption laws from levy and sale for rent and other charges reserved as rent and extends the exemption to any process or execution issued in any and all suits for collection of rent or other charges reserved as rent due and in arrears or any expense incurred in removing ashes, rubbish or refuse from the premises and for damages for the fulfillment of any of the covenants contained in the lease provides: ". . . That this lease shall be a sufficient warrant to said lessors to confess judgment therefor against said lessee."

The word "therefor" is to designate for what the lessors are authorized to confess judgment; and there is no other warrant contained in the lease for the confession of judgment except in case of an amicable confession for possession of the demised property.

The right of plaintiffs to enter a judgment by confession is dependent upon the provisions of the written lease: Weaver v. McDevitt, 21 Pa. Superior Ct. 597, 598. In McClintock et al. v. Loveless, 5 Dist. R. 417, it was said: "It seems to us that such a harsh and unusual clause in a lease ought to be strictly construed, and we are not disposed to extend it by construction a particle further than its language requires. The rule governing the construction of such reservations is that they shall be construed most strongly against the grantor and they shall not be extended by implication or construction beyond the clear intent of the parties gathered from the language of the reservation."

If the words "this lease shall be a sufficient warrant to confess judgment therefor against said lessee" are intended to authorize the entry of judgment for rent or other charges reserved as rent due and in arrears, or for expense incurred in removing ashes, rubbish or refuse matter from the premises, and for damage for the non-fulfillment of any of the covenants contained in the lease, there is no direction by whom the judgment is to be entered. It cannot be entered by the prothonotary, for there is no "amount from the face of the instrument" which "may appear to be due:" Act of Feb. 24, 1806, § 28, P. L. 278 (4 Sm. Laws, 270).

Judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it was entered: Agricultural Trust Co. v. Brubaker and Shaub, 73 Pa. Superior Ct. 468.

There was no warrant in the lease authorizing the judgment in the manner and form in which it was entered: Eddy v. Smiley, 26 Pa. Superior Ct. 318.

And now, to wit, July 25, 1929, the rule to show cause why the judgment entered in the above-entitled case should not be stricken from the record is made absolute, and the judgment is ordered to be stricken from the record.