**ANTONELLI et, Plaintiffs-Appellants, v. SILVESTRI et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3764.   Decided April 27, 1955.

Vincent A. Buonpane and Modarelli & Modarelli, Youngstown, for plaintiffs-appellants.

Carl Armstrong, Ralph R. Thombs, Youngstown, for defendants-appellees.

## OPINION

Per CURIAM.

On December 31, 1947, Patrick Antonelli and William Cesa, trading and doing business as Air Compressor Rental Company, secured a judgment in the Court of Common Pleas of Washington County, Pennsylvania, by confession under a claimed power of attorney against George Silvestri and Anthony Silvestri, trading and doing business as Silvestri Bros., in the amount of $4,174.28, including 15% attorney fees with costs.

On May 8, 1952, plaintiffs sued defendants in the court of common pleas of Mahoning County to reduce the judgment of the Pennsylvania court to judgment in Ohio.

Defendants by their amended answer in the Ohio court defended on the ground that the Pennsylvania court was without jurisdiction of their persons, or either of them, and assert that the judgment was confessed by one appearing upon the record as an "esquire" only and not purporting to be "an attorney of any court of record in Ohio or elsewhere"; and that such judgment was taken for an amount not definitely stated in the alleged power of attorney, and which definite amount could not be ascertained without extrinsic evidence; and further that the alleged judgment was taken in favor of individuals not named in such power, and was taken against individuals not named therein or ascertainable otherwise than by evidence extrinsic thereto.

By exhibit attached to plaintiff's petition it is shown that the

alleged power of attorney was incorporated into a written rental agreement made at Cleveland on the seventh day of August, 1947, between the "Air Compressor Rental Co. of Cleveland hereinafter called the lessor and Silvestri Bros. of Youngstown, Ohio (1123 State St.), hereinafter called the lessee" whereby the lessor rented and leased unto the lessee "(1) Cleveland model 95 Trencher Serial No. 2286," the rentals to be at the rate of $750.00 per month, the rental period being from dates to dates not ascertainable from the rental agreement itself. Nowhere in the rental agreement is there any statement that Air Compressor Rental Co. is either a partnership or a corporation, nor is there any reference made in the agreement as to what individuals, if any, were in any way interested in Air Compressor Rental Co., except that the lease is signed "Air Compressor Rental Co., Lessor, by William Cesa" without designating who or in what capacity William Cesa acted. Nor is there in the rental agreement any statement indicating that Silvestri Bros. is either a partnership or a corporation. No individual person can be identified under the words "Silvestri Bros." except by evidence outside the agreement, except that the rental agreement is signed simply "George Silvestri, Lessee."

Incorporated in such rental agreement is a clause thereof as follows:—

"The Lessee upon every default in the payment of the rent hereby reserved and upon any and every breach of any of the covenants and agreements herein contained, in addition to empowering the lessors to take possession of the said equipment without legal process, hereby authorizes and empowers any attorney of any court of record in Ohio or elsewhere to appear for and enter judgment against the lessee for such amounts as may at any time be due as rent, transportation, repair charges, and or any other charges in connection with said equipment or use thereof as herein provided, together with costs of suit, release of errors without stay of execution, and with 15% added for collecting fees: * * *."

Such alleged power of attorney is required to be strictly construed, and it is quite apparent therefrom that it does not authorize the judgment taken in favor of two individuals, to-wit: Patrick Antonelli and William Cesa, d. b. a. Air Compressor Rental Co., nor does it authorize any judgment to be taken against the individuals George Silvestri and Anthony Silvestri, d. b. a. Silvestri Bros.

It further appears that the judgment was confessed by one who is designated merely as "esquire" and not as an attorney.

By common acceptation and as defined in Websters New International Dictionary an "esquire" has no relation to law. "It is often added to the names of poets or artists; and the term may be applied to a landed proprietor or a country squire; that being one of courtesy, indicating a gentleman publically attending or escorting a lady." Nowhere do we find that the term "esquire" denotes an attorney at law.

It may be, although we have not been cited to any law of the state of Pennsylvania to the effect that an esquire is authorized to confess judgment in the state of Pennsylvania, certainly the purported

power of attorney contained in this lease agreement would not authorize an esquire to confess judgment but only an attorney at law.

Strictly interpreting the alleged power of attorney it does not authorize an esquire to confess judgment for or against anyone.

"A warrant of attorney to confess judgment should be strictly construed.

"A warrant of attorney attached to a sealed note payable to the payee or bearer, authorized 'any attorney at law, at any time after the above sum becomes due, with or without process, to appear for us in any court of record in the state of Ohio, and confess judgment against us, for the amount then due thereon, with interest and costs, and to release all errors and the right of appeal,' Held:

"(a) Such warrant of attorney conferred no authority to confess judgment against the maker of the note, in favor of the holder to whom the payee had transferred the note by delivery.

"(b) In an action on the note, it was error to render judgment against the maker thereof in favor of such holder, by virtue of such warrant of attorney, without summons or other notice to the maker of the bringing of the action." **Spence v. Ermine, 46 Oh St 433.**

To be definite, clear and explicit the power would necessarily be required to state a specific amount for which the judgment could be confessed or such amount must be ascertainable from the judgment itself without the aid of extrinsic evidence.

The common pleas court of Mahoning county found and held that the purported judgment rendered by the common pleas court of Washington County, Pennsylvania, was void and of no force or effect, to which the courts of this state were required to give no faith and credit, for the reason that such Pennsylvania court was without jurisdiction to render the judgment.

There can no longer be any doubt that when an attempt is made to reduce to judgment in Ohio a claimed judgment of a sister state the jurisdiction of such state to render the same may always be inquired into, and if it is found that the court rendering the judgment of the sister state was without jurisdiction the courts here need give no faith or credit thereto, and it is insufficient upon which to base a judgment in the state of Ohio.

Counsel for the appellants claim that the appellees are making a collateral attack upon the judgment of the Pennsylvania court, and that any objections which they may have to the judgment of that court should be made therein.

Counsel rely principally, if not solely, upon the case of **McAlpin Co. v. Finsterwald, 57 Oh St 524,** and cite the first syllabus of that case.

We find this case to be clearly distinguished from that now under consideration. There it was a creditor of the partnership firm who was attempting to attack the validity in Ohio of a judgment of a sister state entered upon a warrant of attorney executed in the name of a partnership and on its behalf by one partner only.

As indicated above, there is nothing in the lease agreement, or in

the power of attorney contained therein, from which it could be ascertained that the power was executed in the name of a partnership or by one partner thereof, without the aid of extrinsic evidence.

It may well be doubted whether the holding of the Supreme Court in the McAlpin case would be adhered to at this time in view of the decision of the United States Supreme Court in the case of Williams, et al, v. North Carolina, 325 United States Reports 226, wherein the Supreme Court upheld the right of the state of North Carolina to inquire into the jurisdiction of the Nevada court in a divorce action. In the cited case the supreme court held in paragraph 2 of the syllabus:—

"A decree of divorce rendered in one state may be collaterally impeached in another by proof that the court which rendered the decree had no jurisdiction, even though the record of the proceedings in that court purports to show jurisdiction."

We find no merit in the claim that here is a collateral attack upon the judgment of the Pennsylvania court, or that the defendants were required to enter their personal appearance in the Pennsylvania court to attack its judgment when the court was without jurisdiction to render the same.

In the case of Sayers v. Redbank Telephone Co., reported in 44 Pennsylvania County Court Reports 270, it was held:—

"A judgment entered by virtue of a power of attorney contained in a lease, which requires parol evidence to determine the amount of the judgment is void, and will be stricken off."

Of course, if such judgment is void, it need not be stricken off in order to show its failure to constitute a cause of action to reduce the same to judgment in Ohio.

In the cited case a pertinent statement applicable to the situation is found in the opinion as follows:—

"It is not even contended that this lease within itself contains the authority for the entry of this judgment, and if it stands it must rest upon the parol proof offered in connection with the lease."

In Agricultural Trust Co. v. Brubaker & Shaub, 73 Pennsylvania Superior Court Reports 468, at page 473, it is said:—

"A judgment by confession can only be sustained by a warrant authorizing it at the time and in the manner and form in which it was entered. Lytle v. Colts, 27 Pa. 193; Summy v. Hiestand, 65 Pa. 300; Weaver v. McDevitt, 21 Pa. Superior Ct. 597."

We find no error wherein the trial court in this case found in favor of the defendants and against the plaintiffs, and the judgment of that court must be and the same is affirmed.

GRIFFITH and NICHOLS, JJ, concur.
PHILLIPS, J, concurs in judgment.