NORTHERN OHIO TRACTOR, INC., APPELLEE, *v.* RICHARDSON ET AL., APPELLANTS.

(No. 10680—Decided December 8, 1982.)

*Mr. Robert L. Burch,* for appellee.
*Mr. William H. Georges* and *Mr. Samuel J. Georges,* for appellants.

MAHONEY, P.J. William R. Richardson and Walter C. Wozniak, defendants-

appellants, challenge a trial court decision overruling their motion for relief from judgment rendered on a cognovit provision in contracts of guaranty. We affirm.

## Facts

William R. Richardson and Walter C. Wozniak are officers of R & W Contracting Excavation, Inc. ("R & W"). Northern Ohio Tractor, Inc. ("Tractor"), plaintiff-appellee, is an equipment sales agent for John Deere Company. On December 28, 1978, Tractor agreed to lease certain pieces of construction equipment to R & W in exchange for R & W's promise to pay a specified monthly rental fee. The lease ran from December 28, 1978, to December 28, 1983, and contained an acceleration clause whereby, upon default of the monthly payment, the balance of the lease payments became due and owing.

R & W had a substantial open account of indebtedness with Tractor. Tractor agreed to cancel this indebtedness and to lease the equipment to R & W in exchange for Richardson's and Wozniak's personal, unconditional guaranties of the lease. These identical contracts of guaranty contained a warrant of attorney authorizing confession of judgment against the guarantors in the event that R & W defaulted on the lease.

As of September 15, 1981, R & W was in default on the monthly payments in the sum of $28,542 and owed an additional $172,411.89 pursuant to the acceleration clause. At that time, Tractor filed a complaint against Richardson and Wozniak under the cognovit provisions of the guaranty contracts. The answer filed on behalf of appellants confessed judgment and was signed by appellee's attorney. Judgment against Richardson and Wozniak, individually, jointly and severally, in the sum of $220,954.11, including interest, was entered on September 16, 1981.

On October 16, 1981, appellants filed a motion requesting relief from judgment pursuant to Civ. R. 60(B). After a hearing on the motion, the trial court denied the request.

## Law and Discussion
### Assignment of Error 1

"The court erred in granting judgment under the warrant of attorney where there was a patent irregularity in which counsel for plaintiff-appellee signed the confessing answer and caused the name of his law partner to be shown on the docket and the subsequent judgment thereon is void ab initio."

R.C. 2323.13(A) provides:

"An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk."

In the instant case, the warrants of attorney in the guaranty contracts were annexed to the complaint and produced to the court and filed with the clerk. The answer confessing judgment was signed by an attorney licensed to practice law in Ohio. Thus, we believe that the statutory requirements have been strictly and literally satisfied. See *Lathrem* v. *Foreman* (1958), 168 Ohio St. 186 [5 O.O.2d 478], and *Antonelli* v. *Silvestri* (App. 1955), 75 Ohio Law Abs. 92.

However, appellants contend that,

because the answer confessing judgment is signed by Robert Burch, attorney for appellee, the subsequent judgment is void. While there appears to be a paucity of case law on this point, the few decisions on the issue hold that plaintiff's attorney may confess judgment for plaintiff on behalf of the defendants. See 46 American Jurisprudence 2d 882, Judgments, Section 726, and Annotation, 154 A.L.R. 501.

As the court in *Hadden* v. *Rumsey Products, Inc.* (C.A. 2, 1952), 196 F. 2d 92, 96, reasoned:

"The next question for consideration is the court's ruling that the judgment was procured by a fraud upon the Ohio court because the plaintiff's attorney confessed judgment without informing that court that the defendants had asserted defenses to the notes. That ruling is erroneous. The notes contained warrants of attorney expressly authorizing the precise procedure which the plaintiff followed. The very purpose of cognovit notes is to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert. The validity of such warrants of attorney is recognized both by statute and decision in Ohio. To do precisely what the warrants of attorney authorized cannot be a fraud upon the court. * * *"

Appellants argue that some person knowledgeable in the law should be required to inspect the warrant of attorney and the contract upon which the default is based in order to determine whether patent defects exist in either document before judgment is rendered. They also contend that appellee's counsel is potentially biased and, thus, an inappropriate inspector. They argue instead that counsel independent of appellee and its attorney should be required to file the answer.

While the idea of inspection for patent defects has merit, we do not believe that such inspection must necessarily be made by the attorney confessing judgment on behalf of defendants. That portion of the statute requiring production of the warrant before the court permits the court itself to examine the cognovit provision and the underlying contract or note before judgment is entered. We further note that in the instant case, the "patent irregularity" claimed by appellants appears in the answer and not in the warrants or the guaranty contracts.

### Assignment of Error 2

"The court erred as a matter of law in overruling defendants-appellants' motion for relief from judgment where plaintiff-appellee's testimony clearly indicates that it was not the title holder of the secured equipment and if anything may have only held a secondary security interest to that of the E. F. Hutton Company."

Relying on R.C. 1303.52(B), appellants contend that appellee had a duty to take action against R & W as the principal debtor before preceding against the lease guarantors. However, R.C. 1303.52 pertains solely to negotiable instruments. The lease in question, whether a secured transaction or a true rental agreement, is clearly not a negotiable instrument. Thus, R.C. 1303.52 is inapplicable.

Assuming, *arguendo*, that the lease contract creates a security interest, R.C. 1309.46 and 1309.47 concern the secured party's right to take possession and dispose of the collateral after default of the principal debtor. Appellee is not attempting to obtain the equipment from R & W pursuant to the lease provisions. Rather, Tractor's cause of action against Richardson and Wozniak is based upon the contracts which provide:

"* * * This guarantee shall be construed as an absolute and unconditional guarantee of performance, without regard to the validity, regularity, or enforceability of the obligations. Guarantor's liability shall be direct and immediate and not conditional or contingent upon the pursuit by the Lessor of any remedies it may have; Lessor is not

obliged to resort first to any security. The Lessor may pursue all or any of its remedies at one or at different times. The release of any obligor or guarantor shall not release any of the others. * * *''

This language clearly indicates that appellants' liability is unconditional and absolute. Thus, appellee is not obligated to first proceed against R & W but may sue the guarantors without demand or legal proceeding against the principal debtor. 26 Ohio Jurisprudence 2d 327, Guaranty, Section 21.

### Summary

We overrule all of appellants' assignments of error. The judgment is affirmed.

*Judgment affirmed.*

HUNSICKER, J., concurs.

BELL, J., concurs in judgment only.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.