# W. G. Crawford, for use of John D. Watson, v. Robert Rath, Appellant.

*Judgment—Discretion as to opening—Appeals—Review.*

Where an answer to a petition to open judgment is fully responsive, and the allegations of the defendant are fully met and explained by the oath of the plaintiff, the discretion of the court in refusing to open judgment is fully vindicated and will not be reviewed by the appellate court.

Argued April 26, 1897. Appeal, No. 109, April T., 1897, by defendant, from order of C. P. No. 3, Allegheny Co., Nov. T.,

1896, No. 212, refusing to open judgment and let defendant in to a defense. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Petition and answer sur rule to open judgment.

By the petition it appears that Robert Rath, the defendant, alleges a full, legal and equitable defense to the whole of plaintiff's claim; that he was never indebted to plaintiff except for professional services and for all such services payment in full was had; that he had no recollection of giving the note on which judgment was entered, but if he did give it it was for services partly to be performed in the future and which were never performed by said Crawford; that if said note was in Crawford's hands on October 4, 1880, he should have delivered the same to petitioner along with a certain other note for $123, which he then delivered to petitioner with the following receipt indorsed thereon. "Received of Robert Rath all monies on the within note, and all monies due to me for professional services rendered as an attorney at law to this date. October 4th, 1880. W. G. Crawford."

That the money receipted for on October 4, 1880, was paid to and taken by said Crawford in full satisfaction of all claims whatsoever against the petitioner, the relation of client and attorney then and there dissolved, and no service rendered thereafter by said Crawford. The bill closed with a prayer to show cause why judgment should not be opened and defendant let in to a defense, followed by an affidavit of Robert Rath, dated October 15, 1896, that the facts stated are true as affiant believed and expected to prove on trial.

The plaintiff's answer was as follows:

1. That the $500 note was given for professional services at No. 234, January term, 1880, common pleas No. 2, of Allegheny county, with writ of error to Supreme Court at No. 27, October term, 1880. Also services at No. 235, January term, 1880, common pleas No. 2, of Allegheny county, with writ of error to Supreme Court at No. 28, October term, 1880; and other services in counsel and advice not specified.

2. That the credit on said $500 note for $123 was a mistake, as it was given for entering judgment on two judgment notes and for money advanced.

614　　　CRAWFORD v. RATH, Appellant.

Statement of Facts—Opinion of the Court. [4 Pa. Superior Ct.

3. That the receipt on the back of the $123 note was given to close business between said Crawford and Robert Rath, because Joseph Forsythe was going to act as attorney for Rath thereafter, and said Crawford signed the said receipt, the $500 note not then being due.

4. That Crawford believed Rath procured the receipt for $123 on the back of the $500 note with intent of defending against it.

5. That Crawford had not received any part of the balance of $400 with interest thereon from Rath, and that he had sold said note to John D. Watson for value. This answer, duly sworn to by W. G. Crawford, was filed November 2, 1896.

*Error assigned* among others was (2) in discharging the rule in view of the facts that the evidence did not disclose the proper exercise of the discretion of the court.

*Joseph Forsythe*, with *W. B. Rodgers*, for appellant.—The law giving the right of appeal from a refusal to open a judgment imposes on the court the duty of weighing the evidence, and making order or decree accordingly; inclining to submission of the question to a jury in case of doubt: Klopfer v. Ekis, 155 Pa. 41, citing Jenkintown National Bank's Appeal, 124 Pa. 337. See also La Roche Electric Works v. Emery, 173 Pa. 331. And failing so to do, the court did not properly exercise the discretion vested in it, which was a sound discretion and not an absolute or arbitrary one: Wernet's App., 91 Pa. 319; First National Bank v. Muncy, 106 Pa. 68; Kelber v. Plow Co., 146 Pa. 485.

*Daniel Harrison*, for appellee.—A judgment will not be opened when the answer of the plaintiff is responsive to the petition, and denies under oath every allegation therein, unless such answer is overcome by testimony of two witnesses, or of one witness corroborated by circumstances equivalent to another: Hoffman v. Jacobs, 12 Lanc. Rev. 25; Mangan v. McHale, 6 Kulp, 459.

OPINION BY WILLARD, J., May 10, 1897:

This is an appeal from the order and decree of the court below discharging a rule to show cause why judgment No. 212 to

November term, 1896, in said court should not be opened and the defendant let into a defense.

On a careful consideration of the petition and answer, we are satisfied that the answer was responsive to the petition, and the allegations of the defendant were fully met and explained by the oath of the legal plaintiff.

The receipt of October 4, 1880, purporting to be in full of all professional services to that date, was executed and delivered three months before the note on which this judgment is founded became due and payable, and the language of the receipt in no way necessarily impeaches the validity of the note given for past services dated on the third of January, 1880, payable in one year, nor does it show that said note was paid.

The proceeding in this case was an equitable one, and was argued before and decided by a full bench of the court in banc in common pleas No. 3 of Allegheny county.

The only question for us to determine is whether the court rightly exercised its discretion in refusing to open the judgment: Jenkintown National Bank's Appeal, 124 Pa. 337; Applebee's Appeal, 126 Pa. 385; Klopfer v. Ekis, 155 Pa. 41; Walter v. Fees, 155 Pa. 55.

We are of the opinion that the discretion of the court was rightly exercised, and its decree is affirmed at the costs of the appellant.