T. F. Fisher v. Eunice A. Holbrook, and Sarah L. Holbrook, Appellants.

*Judgment—Proof necessary to move chancellor to open.*

It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than oath against oath is a familiar rule in chancery practice; where there is more than this, and when it comes to a question of the weight of the evidence it is for him to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of witnesses, a prudent course would suggest the aid of a jury.

Argued May 17, 1898. Appeal, No. 206, April T., 1898, by defendants, from order of C. P. Crawford Co., Nov. T., 1896, No. 408, discharging rule to open judgment. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ. Reversed.

Rule to open judgment and let defendants into a defense.

It is alleged in the petition that defendants being in financial difficulties were aided by one Clark who took possession of certain property under a bill of sale, leaving other property covered by the said bill of sale in defendants' possession. Subsequently plaintiff was interested in their behalf and assumed Clark's position paying him some $725 and receiving the goods held in pledge. At the same time he procured from defendants a judgment note for $200, which was subsequently entered. Plaintiff afterward sold the goods he obtained from Clark for $749.

In the answer to the petition plaintiff set up that the note was given for certain property belonging to the Clark transaction but left on the premises. The purchase from Clark being further subject to a redemption by defendants within thirty days. In the testimony taken on the rule plaintiff took the position that he stood in the position of an absolute purchaser from Clark, who had resold a part of the goods back to defendants for the note.

The court below discharged the rule to open judgment. Defendants appealed.

*Error assigned* was discharging the rule to open the judg-ment and let defendants into a defense.

*Samuel Grumbine,* for appellants.—While a judgment should not be opened, as a general rule, upon the oath of the defendant alone when he is contradicted by the plaintiff, yet where there are corroborating circumstances or circumstances from which inferences may be drawn corroborative of, the defendant, it is usual to open the judgment and refer the questions to a jury: Stockwell v. Webster, 160 Pa. 473; Steiner v. Scholl, 163 Pa. 465.

When there is more than oath against oath and it comes to a question of the weight of evidence, it is for the judge to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of witnesses, a prudent course would suggest the aid of a jury. If the testimony would be sufficient to justify the submission of the question to a jury, the court may make an order to open; but if on the testimony the court would set aside a verdict for the defend-ant, the application to open should be refused: Bank's App., 124 Pa. 337; Heist v. Tobias, 182 Pa. 442; Stephan v. Hudock, 4 Pa. Superior Ct. 474.

*Geo. F. Davenport,* for appellee.—The judgment could not be opened on the unsupported testimony of the defendants: English's Appeal, 119 Pa. 533; Lomison v. Faust, 145 Pa. 8; Christie v. Steelsmith, 158 Pa. 117.

The learned judge below was, therefore, right when, after carefully scrutinizing the testimony he rendered an opinion as follows:

We do not find in the testimony such evidence on the part of the defendant, including the statements of the plaintiff in his counter affidavit, with the explanation he has made thereof in his testimony, as will sufficiently overcome the written instrument and the oath of plaintiff, as well as the other testi-mony in his behalf, either as to the lack of consideration there-for, or as to the property having been taken by plaintiff as pledge, to warrant the opening of the judgment.

The rule is therefore discharged.

OPINION BY ORLADY, J., July 29, 1898 :

The petition to open the judgment in this case avers sufficient material facts to justify the court in submitting the defense to a jury.

The answer filed by the plaintiff and the testimony taken develop a state of facts which is difficult of solution. The transaction in which the note was given was of so doubtful a character, and the evidence of the plaintiff taken under the rule to open the judgment is so at variance with the contention in his answer, that to our minds the weight of the evidence as presented is with the defendant.

It is hard to understand why the plaintiff should first swear that he received the property " subject to the right of redemption within thirty days by said defendants," and subsequently testify that the purchase was an absolute one.

He changed his defense to the rule to open the judgment at his hazard, and the doubt as to what was in fact the agreement between the parties is raised by his own evidence. The dispute is so distinct that one party or the other is designedly misstating the facts. If the defendant's statement is true and this judgment is enforced against her, she necessarily suffers a great injury, and if the plaintiff's version is correct as given in his final examination, his proof of the integrity of his judgment should have been more consistent when it was first assailed.

The character and real value of the property, the peculiar relation of the defendant to it at the time she signed the note, and the substitution of Fisher for Clark in carrying out the original arrangement, all go to strengthen her claim to equitable interference.

The decision of the question does not depend on the oath of the defendant alone, but to this are added circumstances from which inferences may be fairly drawn corroborative of her petition, which are sufficient to overcome the writing. There are cases where more than this cannot be furnished, and we feel that a jury should pass on the facts of this case to the end that substantial justice may be done: Stockwell v. Webster, 160 Pa. 473. It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than oath against oath is a familiar rule in chancery practice ; where there is more

than this, and when it comes·to a question of the weight of the evidence it is for him to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of witnesses, a prudent course would suggest the aid of a jury: Jenkintown N. Bank's Appeal, 124 Pa. 337 ; Crawford v. Rath, 4 Pa. Superior Ct. 612.

An examination of this record moves us to so refer this controversy.

The decree of the court below is reversed and it is ordered that the judgment be opened and defendant be permitted to defend, etc.