## David M. Ellis, Assignee, *v.* H. M. Ambler, Appellant.

*Appeal—Opening judgment—Chancery powers—Weight of evidence.*

An application to open a judgment, entered on warrant of attorney, is addressed to the equitable powers of the court below, and upon appeal, under the Act of April 4, 1877, P. L. 53, the question is, whether the court below rightly exercised its discretion upon the evidence. The judge to whom the application is made acts as a chancellor; he may not open the judgment unless there is more than oath against oath; when there is more than this and it becomes a question of the weight of the evidence, it is for him to decide to which side the scales incline.

*Landlord and tenant—Amicable judgment—Ejectment—Money damages for rent.*

A warrant of attorney in a lease to confess judgment against the lessee in an amicable action of ejectment, authorizing an habere facias to issue without prior writ, provided an affidavit should be filed setting forth the facts necessary to authorize the entry of judgment, does not warrant an assessment of money damages for rent in arrear.

Argued Dec. 14, 1898. Appeal, No. 163, Oct. T., 1898, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1898,

No. 1136, discharging rule to open judgment in ejectment and let defendant into a defense. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Judgment modified. Opinion by W. D. PORTER, J.

Rule to open judgment in an amicable action in ejectment and let defendant into a defense.

It appears from the record that defendant entered judgment in ejectment against plaintiff in the assessment of damages for rent alleged to be due upon a lease upon which an action of ejectment was founded, damages having been assessed for the amount of $100 rent in arrear.

Defendant obtained rule to open the judgment and let defendant into a defense and to show cause why the assessment of damages should not be set aside. The court below discharged the rule. Defendant appealed.

Other facts appear in the opinion of the court.

*Errors assigned* among others were (2) in discharging the rule to set aside the assessment of damages. (3) In discharging the rule to open the judgment in ejectment and let defendant into a defense.

*Joseph R. Embery*, with him *John Eckstein Beatty*, for appellant.—Our Supreme Court so late as 1894 in the case of Stockwell v. Webster, 160 Pa. 473, laid down the following rule: " The evidence taken upon the rule to show cause raised a question of fact which it was proper to refer to a jury for adjustment: " Bank v. Fulmor, 124 Pa. 337 ; Crawford v. Rath, 4 Pa. Superior Ct. 612.

It is submitted the company is bound by his acts or at least a " question of fact is raised wherein it is proper to refer to a jury for adjustment."

The position assumed by appellant is one of strong probability.

In behalf of appellant it is not now contended that he can hold the wharf until the city does take and condemn it. When that question arises it will be argued upon its merits.

*E. G. Hamersly*, for appellee.—In the depositions which were taken upon the rule in the court below, the testimony was nec-

essarily conflicting, as would be expected where an issue of this character was involved, and where witnesses were examined upon each side. The improbability of the appellant's testimony must be apparent, however, to one who considers the scope and extent of the oral lease which he proposes to substitute for the written one. Surely, an agreement of this character, even though the appellant were allowed to go before a jury, could not be submitted in opposition to the written lease on the ground that inasmuch as it is a lease for a period of over three years, and not in writing, it is void by the statute of frauds: Act of March 21, 1772, 1 Sm. L. 389; Pepper & Lewis's Digest, 2191.

Subject to the foregoing, it is proper to say, that if the testimony taken on the rule would be sufficient to justify the submission of the question to a jury, the court may, in its discretion, make an order to open; but if, on the testimony so taken, the court would set aside a verdict for the defendant, the court should refuse to open. This rule provides a reasonable margin for the exercise of the discretion of the court below, which this court will hesitate to interfere with: Walter v. Fees, 155 Pa. 55.

OPINION BY W. D. PORTER, J., July 28, 1899:

This is an appeal from the judgment of the court below in discharging a rule to set aside the assessment of damages and open the judgment in ejectment and let the defendant into a defense. The Philadelphia Warehousing and Cold Storage Company, a corporation, and H. M. Ambler entered into an agreement by which the former leased to the latter a certain pier No. 30, North Delaware avenue, Philadelphia. In the negotiations the corporation was represented by W. T. Robinson, its president, but the written lease when executed, on November 8, 1893, was signed on behalf of the lessor by J. A. Geisz as secretary. The lease was for the term of one month from December 1, 1893, for the monthly rental of $50.00, payable monthly in advance on the first day of each month, and provided that in case of a holding over it should be taken as a renewal of the lease, and all its terms and conditions, for an additional month, and so on from month to month. The lease contained a covenant that, if the lessee failed to pay rent within

three days after it became due, or in any other respect violated the conditions of the lease, the lease and term thereby created should, at the lessor's option, be signified by a written notice of intention so to determine the lease, on a day therein fixed, delivered to the lessee, or left on the premises, at least ten days previous to the day so fixed, determine and become absolutely void; without any right on part of the lessee, after the day so fixed, to save the forfeiture by payment of the rent due. For the enforcement of this covenant the lease contained a warrant of attorney to confess judgment against the lessee in an amicable action of ejectment, and on said judgment authorized a writ of habere facias possessionem, without any prior writ or proceedings whatever; with release of all errors. Provided that an affidavit should first be filed setting forth the facts necessary to authorize the entry of judgment. And provided that all rights under the lease should extend to the parties, their heirs and assigns.

Ambler went into possession under this lease, and so continued until July, 1898. In that month he was notified that his lessor had sold the pier to David M. Ellis, the plaintiff in this action, and, on July 29, 1898, a notice, signed by the secretary of the original lessor and by the agent of Ellis, was served upon him notifying him of the election of the lessor to determine the lease for nonpayment of rent, and fixing August 10, 1898, as the date when the lease should become void and the term end. On August 23, 1898, this amicable action was entered, accompanied by the affidavit required, proof of notice of the forfeiture and a copy of the lease. Judgment was entered upon the warrant of attorney against the defendant for possession of the premises, and judgment was also confessed for $100, being two months' rent, the damages to be assessed. The defendant filed an affidavit and obtained a rule to show cause why the assessment of damages should not be set aside and why the judgment in ejectment should not be opened and defendant let into a defense. Testimony was taken under this rule, upon consideration of which the court below discharged the rule, which action is here assigned for error.

There are four specifications of error which present but two questions: (1) Did the court err in refusing to open the judgment in ejectment, for possession of the pier, and let the de-

fendant into a defense? (2) Was there error in discharging the rule to show cause why the assessment of damages should not be set aside?

The record of the judgment for possession of the pier was in all respects regular. If the written lease, of November 8, 1893, continued in force there is no doubt that the plaintiff was entitled to his judgment for possession of the pier. The defendant concedes that under the terms of that lease he was in default for one month's rent, and his testimony, as printed, shows that he never paid the rent for the month of February, 1897, so that on July 29, 1898, he was actually in default for two months' rent, one of which he has never paid. Unless the written lease had been annulled there was no error in refusing to open the judgment. The appellant endeavored to establish that the written lease had been abrogated by a new agreement entered into under the following circumstances. The appellant and his brother testify that they went to Mr. Geisz, the secretary of the warehousing company, lessor, and the appellant told Geisz that he (appellant) could not stay on the wharf and carry on the gravel business, that he would like to go into the building material business and it would not pay him unless he could make improvements and have a lease. "And he (Geisz) said that I could make the improvements and stay there until the city took the wharf away, as it was to be condemned by the city." Appellant further testified, "The amount of rent was to be the same as it had been previously, and I was to pay him rent whenever I was able." "I spoke of the old lease, and said I would not want to stay there under the old lease, and he (Geisz) said it amounted to nothing at all, it was only a matter of form, and that I could stay there until the city took the wharf or until the widening of Delaware avenue." "I asked him how long he thought it would be before the city would take it. He said possibly not for ten or twenty years." Appellant's brother testified to substantially the same conversation, and, as to the term of this alleged parol lease, was asked: "Q. What, if anything, was said of the term of your brother's lease on February 1, 1894, about the term of it? A. He (Geisz) said that he did not think they would be along inside of ten years." The appellant testifies that he subsequently made improvements upon the pier. This conversation is alleged to have occurred

about February 1, 1894, at which time the appellant had for two months been in possession of the property under his written lease. Upon the above recited testimony as to a new agreement made with Geisz verbally the appellant asserts that the written lease, under which he acquired possession, was superseded, and that he acquired the right to retain possession of property worth $60,000, at the rental of $50.00 per month to be paid when he was able, until such time as the city took the property, which event, it was understood, was not to occur inside of ten years. Geisz testified that no such conversation took place, that he made no agreement whatever and that he had no authority to make an agreement. The learned court below decided adversely to the contention of appellant upon this question, and in support of that conclusion sound reasons are not wanting. Geisz was the secretary of the lessor corporation, and there is nothing in the nature of that office which would imply a power in the incumbent to lease the real estate of the corporation for an indefinite period. The existence of such a power, in such an officer, must be established by evidence. In this case the evidence is conclusively against the possession of the power by the officer. True, he signed the written lease, but he simply acted as scribe, the contract was made by Robinson, his superior officer. Even if the secretary had authority to execute a lease, this alleged lease was in parol, and was for a term limited only by the duration of the freehold estate, subject, however, to the condition that it should terminate in the event of the appropriation of the property by the city; the alleged parol lease, if made at all, was entered into while the lessee was in possession under a written lease, and the contract was void under the statute of frauds: Christy v. Barnhart, 14 Pa. 260; Myers v. Byerly, 45 Pa. 368; Whiting & Co. v. Opera House Company, 88 Pa. 100. Apart from these legal difficulties which beset the pathway of appellant, we would not feel warranted in holding that the court below erred in its conclusion as to the question of fact, under the evidence presented. An application to open a judgment, entered on warrant of attorney, is addressed to the equitable powers of the court below, and upon appeal, under the act of April 4, 1877, the question is, whether the court below rightly exercised its discretion upon the evidence. The judge to whom the applica-

tion is made acts as a chancellor; he may not open the judgment unless there is more than oath against oath; when there is more than this and it becomes a question of the weight of the evidence, it is for him to decide to which side the scales incline.　If he is in doubt upon this question a prudent course would suggest the aid of a jury.　In determining this question the judge is not to be absolutely controlled by the number of witnesses, nor is he bound to disregard the inherent improbabilities of their testimony: Bank v. Fulmor, 124 Pa. 337; Walter v. Fees, 155 Pa. 55; Fisher v. Holbrook, 7 Pa. Superior Ct. 647.　A careful consideration of the evidence has led us to the conclusion that the court below did not exceed that reasonable margin for the exercise of its discretion, within which this court would hesitate to interfere.　The learned court below was clearly right in refusing to open the judgment in ejectment for possession of the land.

In the complaint against the action of the court in refusing to set aside the assessment of damages there is merit.　The judgment was entered upon a warrant of attorney, contained in the lease, and is valid only in so far as it was authorized by the warrant.　The warrant did not authorize the entry of a money judgment for rent or damages, and the lease expressly provided that no recovery of possession of the premises, by proceedings under the warrant of attorney, should deprive the lessor of any remedy or action against the lessee, for rent or for damages for the breach of any covenant contained in the lease.　The assessment of damages was wholly irregular and must be set aside. The second specification of error is sustained.　The judgment is accordingly modified.

And now, July 28, 1899, the judgment of the court below discharging the rule to open the judgment for recovery of possession of the land is affirmed; the order discharging the rule to set aside the assessment of damages is reversed and the assessment of damages is set aside, and it is ordered that the costs of this appeal be paid by the appellee.