# Auto Transit Company *v.* Koch, Appellant (No. 1).

*Lease—Forfeiture—Confession of judgment.*

Where a lease provides for a confession of judgment and "for that purpose said party of the second part hereby authorizes the prothonotary or clerk or any attorney of any court of record to ap-

172 AUTO TRANSIT CO. *v.* KOCH, Appellant (No. 1).

pear for and confess judgment against him," etc., the clerk of the Municipal Court of Philadelphia has power to enter said judgment. Where such judgment was regular there is no necessity for the appearance by counsel at a later date, and the order of the court permitting such appearance nunc pro tunc does not harm the defendant.

Argued Oct. 9, 1918. Appeal, No. 104, Oct. T., 1918, by defendant, from order of the Municipal Court of Philadelphia Co., Nov. T., 1917, No. 79, discharging rule to strike off judgment in case of Auto Transit Company v. Carl C. Koch. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to strike off judgment. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging the rule to strike off judgment.

*Jacob Weinstein,* and with him *I. Irwin Jackson,* for appellant, cited: Piano Co. v. Earnest, 66 Pa. Superior Ct. 586; Helvete v. Rapp, 7 S. & R. 306; Mars National Bank v. Hughes, 243 Pa. 225; Bellevue Borough v. Hallett, 234 Pa. 191; Osterhut v. Briggs, 37 Pa. Superior Ct. 169; Maurer v. Brennan, 58 Pa. Superior Ct. 587; Automatic Merchandising Co. v. Delaware & Hudson Co., 233 Pa. 581; Oil City v. McAvoy, 74 Pa. 249.

*Maxwell Pestcoe,* for appellee.

OPINION BY HEAD, J., February 28, 1919:

In this appeal the important assignment of error goes to the refusal of the court below to strike off a judgment. As there are two other appeals, growing out of the same transaction, which we must dispose of, we shall not stop to consider whether or not a refusal by the learned

court below to strike off the judgment is such definite and final disposition of the case as would support an appeal.

The judgment which gives rise to this controversy was entered by the clerk of the Municipal Court in pursuance of a warrant given by the defendant in a written lease, certainly authorizing some one to appear for him and confess a judgment against him, in case he made default in certain payments, with which we are not now concerned. That there was a default and that the warrant embraced in the lease became operative, if rightly exercised, is not a contested question. The difficulty, under which the learned counsel for appellant seems to labor, may be well stated in the following quotation from his printed brief: "When the rule to strike off was taken by the appellant this court had decided that the Municipal Court of Philadelphia could not enter a judgment by confession without an appearance by an attorney for the defendant, and the confession of judgment by such defendant's attorney, and that the clerk of the Municipal Court without such confession by the defendant's attorney could not enter a confessed judgment." Piano Company v. Earnest, 66 Pa. Superior Ct. 586, is cited and relied on as establishing such a proposition. But this court decided no such thing. In the case cited the warrant authorized and empowered "any attorney of any court of record of Pennsylvania or elsewhere to appear for me and enter judgment against me." In that case, under that lease, this court determined that the Act of 1806 authorizing the prothonotary of a court to enter a judgment where the warrant was directed to any attorney of record, did not authorize the clerk of the Municipal Court to exercise the authority contained in the warrant and enter a judgment by confession against the party who had signed the written instrument. Can it be said, should it be urged that we have such a situation to deal with in this case? Here, the lease in question, defines or describes, in unmistakable terms, the several

persons any one of whom might lawfully exercise the power granted. We have no question but that the situation was ripe, for the exercise of the power by the person authorized to wield it. We, therefore, quote but a portion of the clause in the lease declaring who might represent and act for the defendant and confess a judgment that would bind him: "and for that purpose the said party of the second part hereby authorizes the prothonotary or clerk or any attorney of any court of record to appear for and confess judgment against him, etc." The judgment complained of was entered by the clerk of the Municipal Court. That court is surely a court of record. Its executive officer, under the statute creating it, is not the prothonotary of that court, but the clerk. Now, this judgment was not entered under any power assumed to be vested in the prothonotary by operation of the statute to which we have referred. It was entered by one clearly named in the instrument, to wit, "clerk of any court of record." The judgment, therefore, was regular on its face. There appears to be nothing in the record that would have justified the court below in striking off such a judgment. This conclusion disposes of the present appeal which comes from the order of the court below refusing to strike off the judgment and, we may say here, that the view we have expressed also disposes of the appeal at No. 103, October Term, 1918.

The assignment of error in that appeal complains of the action of the learned court below in permitting the appearance of an attorney of record nunc pro tunc. If the judgment was regular, there was, of course, no necessity for the appearance by counsel at a later date. The order of the court permitting such appearance to be entered could not and did not harm the defendant. We shall, therefore, but make an order in the appeal last referred to without further elaborating our reasons for so doing.

The appeal is dismissed at the costs of the appellant.