## Winegrad v. Pinsky.

*Landlord and tenant—Confession of judgment for rent.*

A clause in a lease providing that if rent is in arrear the lease should, at the option of the lessor, cease and determine, and authorizing any attorney to sign an agreement for entering an amicable action and judgment in ejectment, does not authorize a confession of judgment for rent in arrear.

Rule to show cause why judgment should not be stricken off, &c. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 8577.

*H. P. Dorman*, for rule; *Blumberg & Sork*, contra.

Per Curiam, June 5, 1922.—Judgment was entered for possession of the store and basement of property No. 31 South 4th Street, in the City of Philadelphia, occupied by defendant under a lease from plaintiff, containing a clause providing that if the rent was in arrear, the lease should, at the option of the lessor, cease and determine, and any attorney was authorized to sign an agreement for entering an amicable action and judgment in ejectment for recovery of possession of the demised premises and issue a writ of *habere facias possessionem.*

There is no authority in the lease for confessing judgment for the amount of rent in arrear. The remedy provided was a distress, and the lease provided that no determination of the lease nor recovering possession of the premises should deprive the lessor of any other action for rent.

An agreement was filed purporting to be under the authority contained in the lease, agreeing to judgment in favor of plaintiff for the recovery of possession of the premises and of one month's rent assessed at $150.

Judgment for possession was properly entered, but there is no warrant in the lease for collecting the rent in that proceeding.

Upon presentation of a petition setting forth the facts, this rule was granted to show cause why the judgment should not be stricken off, the assessment of damages set aside and the attachment *sur* judgment thereon dissolved.

In Ellis v. Ambler, 11 Pa. Superior Ct. 406, 412, judgment was entered upon a warrant of attorney contained in a lease. The court said it was "valid only in so far as it was authorized by the warrant. The warrant did not authorize the entry of a money judgment for rent or damages, and the lease expressly provided that no recovery of possession of the premises by pro-

2 D. & C.

ceedings under the warrant of attorney should deprive the lessor of any remedy or action against the lessee for rent or for damages for the breach of any covenant contained in the lease. The assessment of damages was wholly irregular and must be set aside."

The judgment for possession being regular, the rule to strike it off should be discharged. There being no authority to enter judgment for rent, the assessment of damages should be stricken off and the attachment dissolved.