Time Sales Finance Corp. *v.* Parks et al.,
Appellants.

Argued March 26, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Maurice M. Green,* for appellants.

*Edward Kassab,* with him *Kassab, Cherry & Curran,* for appellee.

OPINION BY FLOOD, J., June 13, 1962:

This appeal raises two legal questions: (1) the right to enter a judgment for possession by confession in a replevin action and (2) the right to enter a money judgment in the same action for the unpaid balance due on the purchase price of the property replevied. There is also a factual question as to whether blanks in the installment sales contract were improperly filled in by the plaintiff.

Certain luncheonette equipment purchased by the defendants was financed by the plaintiff under a security agreement. Judgments were entered by confession under warrants contained in the agreement (a) for possession of the equipment and (b) for the amount claimed to be due under the agreement. The court below refused to strike off or open these judgments.

The authority relied upon for the entry of the judgments is contained in paragraph 14 of the security agreement originally executed by the parties in blank but subsequently filled in by the plaintiff. By the terms of this agreement, as filled in by the plaintiff, the defendants, as "Borrower", under date of December 4, 1959, assigned to the plaintiff, "Lender", their title to certain restaurant equipment as security for a loan in the sum of $3,209.60, which they agreed to repay in seventy-one semi-monthly installments of $45 each, plus a final installment of $14.60, the first installment to be payable January 4, 1960.

Paragraph 14 of the security agreement provides, in part, as follows: "14. In the event of default by Borrower, Lender shall have the following rights . . . (a) the right to enter judgment in replevin for im-

mediate possession of the property. For this purpose Borrower hereby authorizes the Prothonotary or any Attorney of any Court of Record to appear for and confess judgment against Borrower in favor of Lender in any action of replevin instituted by Lender to recover possession of the property for which this agreement shall be his sufficient warrant. . . . (c) the right to enter judgment for the full amount of the total indebtedness then unpaid, plus interest and costs. For this purpose Borrower hereby authorizes the Prothonotary or any Attorney of any Court of Record to appear for and confess judgment . . . for the whole amount of the total indebtedness unpaid plus interest and costs, with 10% . . . added for attorney's fees. . . ."

The plaintiff, by its attorney, instituted this action on August 18, 1960, by filing of record the following documents: a praecipe for a writ of replevin with bond covering the equipment described in the security agreement; an affidavit stating that such equipment had a value of $1500; an averment of default alleging that the defendants had failed to make the payments required by the security agreement and that the full amount of the loan was then overdue and unpaid; and a praecipe for judgment, signed only by the plaintiff's attorney, as "Attorney for Plaintiff", directing the prothonotary to enter in favor of the plaintiff and against the defendants (1) judgment of possession for the equipment in question, here alleged to have a value of $3,209.60, and (2) judgment in the sum of $3,530.56, calculated as follows:

| | |
|---|---|
| Real Debt | $3,209.60 |
| Attorney's fee | 320.96 |
| Total | $3,530.56 |

The prothonotary issued the writ and entered a judgment for possession and also a money judgment by signing the following endorsement appearing at the

bottom of the praecipe for judgment: "I hereby confess judgment of possession against the Defendants in favor of the Plaintiff, and in addition assess judgment in the sum of . . . $3,530.56 . . . against the Defendants and in favor of the Plaintiff."

The sheriff replevied the equipment, but a counter-bond was filed and the defendants retained the goods. They obtained a rule to show cause why the judgments should not be stricken or opened because (1) there is no authority in law for the entry of a judgment by confession in a replevin action or a judgment for money damages in such an action and (2) the plaintiff filled in the security agreement in violation of the parties' agreement in a sum in excess of the amount authorized by the defendants.

1. It is true that the judgment for possession is not supported by the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, as amended, 12 PS §739, because that act only authorizes prothonotaries to enter money judgments, under certain circumstances, without the intervention of an attorney. Moreover, the judgment was not confessed by an attorney authorized to appear for the defendants, since neither the plaintiff's attorney nor any other attorney entered his appearance for the defendants. Compare: *Noonan, Inc. v. Hoff,* 350 Pa. 295, 38 A. 2d 53 (1944), where the Act of 1806, supra, was held to be inapplicable but the confession was sustained because the plaintiff's attorneys entered their appearance for the defendant and directed the prothonotary by praecipe to enter judgment in accordance with the warrant of attorney.

However, the warrant here, unlike the warrant in that case, authorizes the prothonotary as well as any attorney of any court of record to confess judgment. The prothonotary's right to confess judgment under such circumstances, independently of the Act of 1806, supra, is apparent from the following language in

the opinion of the Supreme Court in *Noonan, Inv. v. Hoff*, supra, at page 299, 38 A. 2d at page 55: ". . . certainly if he [the defendant] himself had instructed the prothonotary to enter this judgment he would be confessing judgment against himself, and that is just what the attorneys did who appeared for him under the authority given by him for that purpose." See also: *Melnick v. Hamilton*, 87 Pa. Superior Ct. 575 (1926), where this court said (at page 578): ". . . he [the prothonotary] might be empowered to confess judgment in the instrument in which case he would obtain his authority from the instrument and not from his office. A confession . . . may be made . . . by someone authorized to act for him [the defendant] to that effect". Moreover, before the Act of 1806, supra, was amended to extend to the Clerk of the Municipal Court the authority originally granted by that act only to "prothonotaries" (Act of June 10, 1957, P. L. 281, No. 142, §1; *Produce Factors Corporation v. Brown*, 197 Pa. Superior Ct. 626, 179 A. 2d 919 (1962)), we held that the clerk of that court properly might confess a judgment in an action where the instrument expressly authorized "the prothonotary or clerk or any attorney . . . to . . . confess judgment . . .". *Auto Transit Company v. Koch (No. 1)*, 71 Pa. Superior Ct. 171 (1919). Since the plaintiff appears to have complied with all necessary formalities required by our decisions, the judgment for possession may not be stricken as lacking authority in law unless confessions of judgment are never permissible in actions of replevin.

We have found no cases either authorizing or prohibiting the entry of judgment by confession in replevin. The appellant has advanced no practical objections or reasons of policy why judgment by confession should be permitted in assumpsit but not in replevin. Since confession of judgment for possession in a replevin action appears to be attended with no more

hardship to the defendant than confession of judgment for possession of real estate under a warrant contained in a lease, we see no reason to foreclose parties from authorizing the confession of judgment in replevin under circumstances such as those in the case before us.

2. The judgment for money damages stands on an entirely different footing and must be stricken. Paragraph 14 of the security agreement does not purport to authorize the entry of a money judgment for the total indebtedness "in an action of replevin instituted by the Lender to recover possession of the property". The latter action is covered by sub-paragraph (a) which authorizes only a "judgment in replevin for immediate possession of the property". The authority to confess judgment for "the total indebtedness then unpaid" is contained only in sub-paragraph (c). Assuming the lender may exercise both authorizations, either concurrently or successively, the agreement appears to us to contemplate their exercise in separate actions. Even if the agreement were drawn so as to clearly authorize the entry of a judgment for the amount due under the contract in a replevin action, such authorization would be invalid as contrary to the Rules of Civil Procedure which maintain the distinction between claims in assumpsit and replevin and provide separate forms of action for each. Goodrich-Amram, Standard Penna. Practice, §1020(a)1.

Under our Pennsylvania Rules of Civil Procedure governing the action of replevin a judgment entered before trial for a party not in possession of the property determines (1) his right to recover possession of the property, (2) the money value of the property based upon the value set forth in the plaintiff's complaint, and (3) his right to recover special damages, if any. Pa. R. C. P. No. 1084(b). Upon the entry of judgment for a party not in possession, he may obtain possession by a writ or, in the alternative, may obtain

the value of the property by execution on the judgment or by recovery upon the bond. Pa. R. C. P. Nos. 1086, 3170(b).

The money judgment entered here cannot stand as a valuation of the property for purposes of execution because the plaintiff is bound by the valuation stated in his complaint or affidavit of value. Pa. R. C. P. No. 1084(b)(2); Goodrich-Amram, Standard Penna. Practice, §§1084(b)-1, 1073(a)-3. Nor is it for the type of special damages for detention contemplated by the rules. The unpaid balance of a conditional sales contract or security agreement does not fall within the category of special damages in replevin: Goodrich-Amram, op. cit. supra at §1084(c)-1.

Since the entry of the money judgment was unauthorized and violates the rule prohibiting the joinder of a claim in assumpsit in a replevin action, it must be stricken.

3. The question remains whether the prothonotary's improper exercise of the authority to confess a money judgment for the unpaid installments under the contract requires us to strike off the judgment for possession as well. In a somewhat analogous case, where a judgment for rent in arrears and a judgment for possession of real estate were confessed in the same action, but the warrant authorized only a confession of judgment for possession, this court permitted the judgment for possession to stand, but set aside the assessment of money damages. *Ellis v. Ambler*, 11 Pa. Superior Ct. 406 (1899). We see no reason for adopting a different course of action in the present case.

4. The opinion of the court below discharging the defendants' rule does not discuss or dispose of their charge that the plaintiff filled in the blanks in the security agreement contrary to the parties' understanding and for a sum in excess of that authorized by the defendants. That the court below may have believed

this issue would be determined in a subsequent trial on the merits, is suggested by its statement that ". . . the action is in replevin; the filing of the counterbond permits defendants to keep the equipment and brings the matter before the Court to decide ownership." However, since judgment for possession has been confessed in favor of the plaintiff, there can be no trial on the merits unless this judgment is stricken or opened.

The defendants' testimony that the instrument was filled in contrary to the agreement and in an amount in excess of that authorized by them is corroborated, in part, by the plaintiff's own witnesses, its figures, its method of calculating 6% interest on a secured loan payable in monthly installments over three years and the conduct of the parties. But the evidence as a whole is conflicting and the issue can properly be resolved only by the court below, which heard and observed the witnesses, in the exercise of the sound discretion vested in it to resolve issues of fact on rules such as this. Therefore, the case must be remanded for further consideration of the rule in the light of this opinion.

The decree of the court below discharging the rule to strike off or open the judgment of possession is vacated and the record is remanded with direction to reconsider that rule in the light of this opinion; the decree of the court below discharging the rule to strike off the assessment of damages is reversed and the judgment in favor of the plaintiff and against the defendants in the sum of $3,530.56 is stricken from the record; and it is ordered that the costs of this appeal be paid by the appellee.