## Klein v. Wilson

*Orville F. Recht* and *Harold A. Gold*, for plaintiff.

*William R. McKee*, for defendant.

OLBUM, J., November 20, 1964.—Johnson Wilson, defendant, agreed to purchase certain real estate in the City of Pittsburgh from plaintiff, Sydney Klein, for the sum of $6,825, under an agreement dated January 20, 1952. The agreement called for a down payment of $650, and a monthly payment of $70 until the balance of the purchase price was to be paid, at which time

defendant would become entitled to receive a deed for the property.

Each monthly payment was to be applied first to one-twelfth of the annual real estate taxes, fire and public liability insurance, then to interest at the rate of six percent per annum, and "the balance, if any," toward the payment of principal. The agreement provided "interest to be computed on the original balance," from which we gather that in the calculation of interest the defendant received no credit for reduction of the principal debt. It appears that defendant complied with the agreement for almost 12 years, during all of which time he was paying six percent per year interest on the original balance of $6,175.

The pertinent portions of the warrant of attorney contained in the agreement are as follows:

"That in case of default of payment of any sum of principal or interest herein agreed to be paid, for the space of thirty days after the same shall become due and payable by the terms hereof, that then and in such case the whole of the said principal sum shall, at the option of the said party of the first part, forthwith become due and payable . . . And in such case of default the said party of the second part hereby authorizes and empowers any attorney of any court of record in the State of Pennsylvania or elsewhere, to appear for the said party of the second part and confess a judgment for the whole principal sum and interest remaining unpaid with 5 per cent attorney's commission or fees . . . Or the said party of the first part may at his option proceed by action of ejectment on this agreement for the said premises above described, with costs after default made as aforesaid; and in such case the said party of the second part authorizes and empowers any attorney of record of the Court of Common Pleas of Allegheny County, State of Pennsylvania, to appear for him in an amicable action of ejectment for the

premises above described, to be entered by the Prothonotary, in which said party of the first part shall be plaintiff, and the party of the second part defendant, and confess judgment therein in favor of the plaintiff, and against the defendant for said premises . . ."

On February 20, 1964, plaintiff filed what he captioned "Complaint in Amicable Ejectment," averring that defendant "is currently in default under the terms of said Agreement for a period exceeding the required thirty (30) days, in the amount of $695.17." In the confession of judgment, two individual judgments were confessed against defendant, ostensibly on the authority contained in the warrant of attorney: (1) a judgment in ejectment for possession of the premises, and (2) a money judgment in the amount of $695.17, the amount claimed to be in default, together with costs of suit and an attorney's commission of 5 percent. Curiously, plaintiff did not choose to exercise his option to accelerate the entire balance of the principal debt.

Defendant died July 10, 1964, intestate. On petition of his wife as administratrix of the estate, we granted a rule on plaintiff to show cause why the judgment in ejectment should not be stricken, or, in the alternative, why the estate of defendant should not be let into a defense. Since the petitioner presses only her motion to strike, and since we conclude that both judgments must be stricken, we shall confine our discussion to that request.

The precise question presented, of course, is whether plaintiff, in confessing both a judgment in ejectment and a money judgment in the same action, exceeded the authority granted in the warrant of attorney contained in the agreement of sale, so as to require us to strike both judgments.

The law is well settled that a warrant of attorney to confess judgment—"because it is such an oppressive

weapon—must be strictly construed and strictly followed according to and with all its terms": Housing Mortgage Corporation v. Tower Development & Investment Corporation, 402 Pa. 388, 389. See also Park-Main Co. of Penn., Inc. v. Fayette National Bank and Trust Company of Uniontown, 397 Pa. 75. In Grady v. Schiffer, 384 Pa. 302, at page 306, the Supreme Court stated:

"It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the warrant is given, and that all proceedings thereunder must be within the strict letter of the warrant (citing cases)."

Taking the words used in the warrant of attorney according to their common and approved usage, as we are required to do, it is clear that upon defendant's default, the plaintiff had an option, or a choice— namely, to confess *either* a judgment in ejectment *or* a money judgment, but not both. The words "Or . . . may at his option" clearly limit the plaintiff's right to one *or* the other. They do not permit *both*. In its ordinary usage, the word "or" is a disjunctive particle, which expresses mutually exclusive alternatives. If the parties had intended to provide the plaintiff with cumulative remedies, it would have been a simple matter to use the conjunctive particle "and."

We have been unable to find any reported case factually on point with the instant case. However, the language of the Supreme Court opinions we have quoted leads us to the ineluctable conclusion that when a warrant of attorney authorizes the entry of a money judgment *or* a judgment in ejectment, the entry of *both judgments* in one action is an excessive and improper use of the authority given, and that both judgments must be stricken off as an entirety.

Plaintiff relies heavily on the Superior Court cases of Time Sales Finance Corp. v. Parks, 198 Pa. Superior Ct. 579, and Ellis v. Ambler, 11 Pa. Superior Ct. 406. In Time Sales, the borrower authorized, upon his default, confession of a judgment in an amicable action of replevin for possession of certain personal property *and* confession of a judgment for the unpaid indebtedness. Both judgments therefore *were authorized.* Plaintiff confessed both judgments in a single action of replevin. The court stated that the agreement containing the warrant of attorney contemplated *separate* actions, and that, in any case, the Pennsylvania Rules of Civil Procedure preclude the joinder of a claim in assumpsit with one in replevin. The court held that the money judgment, improperly confessed in a replevin action, must be stricken, but that the judgment in replevin for the property involved was valid.

However, Time Sales, supra, is distinguishable from the instant case on its facts. In Time Sales, *both judgments* were authorized by the warrant of attorney. The petitioner therein sought to have both judgments stricken from the record. The Superior Court chose to strike the money judgment because it was *misjoined* in a replevin action. But plaintiff did not abuse the authority granted in the warrant. He merely erred in the procedure he adopted for the enforcement of his remedies.

In Ellis v. Ambler, supra, relied on by plaintiff, and cited as controlling in Time Sales, supra, the Superior Court held that, even though the warrant did not authorize the entry of a money judgment for rent in arrears, the judgment entered for possession of premises could stand. This case clearly seems to fly in the face of the Supreme Court holdings in Housing Mortgage, supra, Park-Main Co., supra, and Grady, supra and we must conclude that this holding of the

Superior Court does not comport with the present thinking of our Supreme Court.

Nor, in our opinion, is plaintiff's case bolstered by the recent Superior Court decision in Caplan v. Seidman, 203 Pa. Superior Ct. 170, in which the note containing the warrant of attorney to confess judgment was signed by Seidman, following which Knob and another signed an indemnity agreement which contained no warrant of attorney to confess judgment. The judgment was confessed against Seidman and Knob. The Superior Court held that the judgment confessed against Knob was improper because he signed no warrant of attorney. But the judgment against Seidman was valid because the judgment confessed against him was not an improper use of the authority *he* had given in his warrant of attorney. The Superior Court, however, recognizes the principle which has been well established by the Supreme Court that if there is "an abuse of the authority given by the maker of the instrument," the judgment is invalid.

Recognizing his dilemma, the plaintiff has sought to extricate himself by offering in his brief to abandon his money judgment, and to proceed only on his judgment in ejectment. We do not perceive, however, by what authority we would be permitted to say at this point that one judgment was authorized and one unauthorized. If the judgments had been entered in different actions, we might hold the first judgment entered valid and strike the second. But they were both entered in one action. Both were authorized, but only in the alternative. The entry of both judgments in one action was an unauthorized exercise of the warrant of attorney and vitiates *both* judgments. "A judgment by confession must be self-sustaining and cannot be entered where matters outside the record need be considered to support it": Solazo v. Boyle, 365 Pa. 586, 588. By the same token, a void judgment cannot be revived by the intro-

duction of matters outside the record. The confession violated the injunction that "all proceedings thereunder must be within the strict letter of the warrant," and the judgment must be stricken in its entirety.

ORDER OF COURT

Now, November 20, 1964, after argument, and upon consideration thereof and of the briefs of counsel, the rule to show cause why the judgment entered by confession should not be stricken is hereby made absolute.