**COMMONWEALTH OF PENNSYLVANIA, to the Use of Ronald and Barbara ANDERSON, Appellees,**

v.

**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Pressurized Screen Graphics, Inc., Capmasters, Inc., and Thomas J. Smith, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 18, 2002.

Filed Nov. 18, 2002.

Steven W. Zoffer, Pittsburgh, for appellant.

Ira B. Coldren, Jr., Uniontown, for appellees.

Before: LALLY–GREEN, BENDER, and GRACI, JJ.

BENDER, J.

¶ 1 Fidelity & Deposit Company of Maryland (Appellant) appeals from the judgment for money damages against its counter-bond that the trial court awarded to Ronald and Barbara Anderson (Appellees) in the replevin action that they filed concerning various equipment. Appellant contends that the trial court erred by granting judgment for money damages in a replevin action when the subject property remained available for Appellees' recovery and possession. For the following reasons, we reverse the trial court's judgment that awarded money damages against the counter bond to Appellees, and we remand the case to the trial court for further proceedings consistent with our opinion.

¶ 2 The trial court summarized the facts and procedural history as follows:

On September 14, 1994, the plaintiffs [Appellees] filed a complaint in replevin for the return of property that they alleged was wrongfully held by the defendants. The plaintiffs filed a motion of writ of seizure of the property, which was granted on November 7, 1994, on the condition that the plaintiffs post a replevin bond. On December 27, 1994, the plaintiff posted a replevin bond in the amount of $76,620. Soon thereafter, the defendants posted a counter replevin bond for the same amount, with [Appellant] as surety.

On January 27, 1997, after a jury trial, this Court entered final judgment in favor of plaintiffs for possession of the property with the value of $34,715, together with interest of $2,835.... The plaintiffs have now filed suit on the counter replevin bond to recover the value of the property as determined by the jury.

This matter is before the court on separate motions by both parties. The plaintiffs seek judgment on the pleadings regarding the second complaint, which seeks recovery on the counter bond. [Appellant] has filed [its] petition to enforce the underlying judgment arguing that the plaintiffs are only entitled to the property and not the value of the counter replevin bond.

Trial Court Opinion (T.C.O.), 10/1/2001, at 1–2.

¶ 3 "[I]n reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court was based on a clear error of law." *Vogel v. Berkley,* 354 Pa.Super. 291, 511 A.2d 878, 880 (1986); *accord Municipality of Mt. Lebanon v. Reliance Insurance Co.,* 778 A.2d 1228 (Pa.Super.2001). Because

the instant case arose out of Appellees' original action in replevin, we also find it helpful to set out the text of Pa.R.C.P 1085(b):

> (b) If judgment is entered after trial for a party not in possession of the property, the judgment shall determine
>
>> (1) the party's right to recover possession of the property,
>>
>> (2) the money value of the property, and
>>
>> (3) the amount of any special damages sustained.

¶ 4 Appellant argues that the party initially out of possession of property contested in a replevin action may recover money damages only as a secondary remedy if for some reason recovery of the property proves impracticable. It contends that a replevin action constitutes a special action with a focus and purpose of recovering possession of property. Appellant claims that courts have construed the replevin rules and procedures to allow recovery of money damages only when for some reason recovery of the property would not provide an adequate remedy for an aggrieved party.

¶ 5 The trial court found that Pa.R.C.P. 3170(b), relating to enforcement of a judgment in a replevin action, allows a prevailing party that initially did not have possession of the property to elect either to recover the property or to recover money damages instead. It held that the language of the rule [1] did not impose any restrictions or conditions on an election of remedy.

¶ 6 We conclude, after examining the rules that concern replevin actions, together with relevant decisional law, that a

plaintiff in a replevin action may recover money damages only as a secondary remedy. The main replevin section beginning with Pa.R.C.P. 1071 focuses on judicial determinations of the right to possession of property. Particularly, Pa.R.C.P. 1085(b) provides that a replevin "judgment shall determine (1) the party's right to recover possession of the property, [and] (2) the money value of the property." Notably the rule does not provide that a judgment winner has the right to recover the value of the property; it gives that party the right to recover possession. Pa. R.C.P. 1001(b) explicitly distinguishes between a general civil action "heretofore asserted in assumpsit or trespass" and "[o]ther forms of action" that "shall be known as 'civil action—[type of action].'" Further, Pa.R.C.P. 3001 makes the same kind of distinction when it defines "judgment" as "a judgment, order or decree requiring the payment of money or adjudicating the right to possession in an action of replevin."

¶ 7 Prior decisional law has drawn a similar distinction. The most recent Pennsylvania appellate case, *Valley Gypsum v. Pennsylvania State Police*, 135 Pa. Cmwlth. 548, 581 A.2d 707, 710 (1990), stated:

> The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained.

Previously, Superior Court held in a confession of judgment action, *Time Sales Finance Corp. v. Parks*, 198 Pa.Super. 579, 182 A.2d 239, 242 (1962), that a security

---

1. Pa.R.C.P. 3170(b) states, in pertinent part:
   (b) If judgment is entered for a party not in possession, that party may obtain possession of the property by a writ of possession, or in the alternative may obtain the value of the property by execution on the judgment or by recovery upon the bond.

agreement that authorized a replevin action for possession would not also authorize an action for money damages. Our court stated "the Rules of Civil Procedure ... maintain the distinction between claims in *assumpsit* and replevin and provide separate forms of action for each." *Id. Ellis v. Ambler,* 11 Pa.Super. 406 (1899), similarly held an agreement that authorized confession of judgment for possession of leased premises did not extend to authorizing confession of judgment for money damages for rent.

¶ 8 Additionally, both the Western and Eastern Federal District Courts in Pennsylvania have followed the same general rule that in a replevin action a non-possessor may recover money damages only if it cannot practicably recover the property as an adequate remedy. *Buzzanco v. Lord Corp.,* 173 F.Supp.2d 376 (W.D.Pa.2001); *Hembach v. Quikpak Corp.,* 1998 WL 54737, 1998 U.S. Dist. LEXIS 40 (E.D.Pa. 1998).

¶ 9 Appellees argue that two cases they cite support their claim to recover against a replevin bond. Neither case, however, involves a replevin action. *Pennsylvania Manufacturers' Ass'n Casualty Ins. Co. v. Fidelity & Deposit Co. of Maryland,* 355 Pa. 434, 50 A.2d 211 (1947), authorizes recovery against a bond to recover unpaid insurance premiums. *Pandolfo v. Pavia Co.,* 381 Pa. 488, 113 A.2d 224 (1955), authorizes recovery against a bond to recover unpaid installments on an equipment lease.

¶ 10 The trial court correctly states that the text of Pa.R.C.P. 3170 does not contain the same distinctions and limitations of the other subject court rules or the relevant decisional law precedents. The language of Rule 3170 alone, in isolation from the other rules and case law, might lead to a conclusion collateral to the trial court's finding. However, after reviewing the court rules comprehensively and in the context of decisional law precedent cited above, we reach the opposite conclusion. Thus, we conclude that Appellees may recover money damages against Appellant's counter bond only if recovering the subject property proves an impracticable remedy.

¶ 11 Judgment reversed. Case remanded to the trial court for further proceedings consistent with our opinion. Jurisdiction relinquished.