J-A03010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROSE MARIE MEBUS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD LEPRE | |
| Appellant | No. 640 MDA 2016 |

Appeal from the Order Entered March 18, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 12-CV-5443

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 28, 2017**

Gerald Lepre appeals *pro se* from the trial court's order granting summary judgment[1] in favor of Appellee, Rose Marie Mebus.[2]  After careful review, we affirm.

_____

[1] Our standard of review in cases of summary judgment is well settled.  This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law.  ***Merriweather v. Philadelphia Newspapers, Inc.***, 684 A.2d 137, 140 (Pa. Super. 1996). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Pa.R.C.P. 1035.2.  In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party.  ***Id.***  Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law.  ***Id.***

In 2008, Mebus transferred the title of her vehicle, a 2005 Toyota 4Runner, over to Lepre's non-profit corporation (an *In Forma Pauperis* Corporation)[3] under Lepre's advice that it would save her money on car insurance. Mebus continued to use the vehicle and make all insurance payments on the vehicle. When Lepre refused to return the vehicle's title to Mebus, she filed a replevin action against Lepre in September 2012.[4] In her complaint, Mebus alleged that Lepre fraudulently induced her to transfer title to her vehicle in return for his promise that she would pay less on her automobile insurance policy.[5] Lepre did not file a responsive pleading. In April 2013, Lepre filed preliminary objections to Mebus' complaint alleging that Mebus' counsel committed perjury and that her complaint lacks legal sufficiency. The trial court overruled Lepre's preliminary objections.

_____
*(Footnote Continued)*

[2] Although Mebus asserts that the appeal is untimely; however, Lepre properly filed a motion to vacate within 30 days of entry of summary judgment. Therefore, the instant appeal is timely. ***See*** Pa.R.A.P. 903(a).

[3] Lepre represented that his corporation provides educational support services for *pro se* litigants dealing with administrative matters, ***see*** N.T. Summary Judgment Proceeding, at 7, 8/21/15, yet he is not a licensed attorney.

[4] When Mebus was unable to obtain personal service of the complaint on Lepre, the court granted approval for service by publication. ***See*** Pa.R.C.P. 430.

[5] In her complaint, Mebus requested that the car be returned to her; however, because the car was totaled during the pendency of the proceedings, Mebus later sought the insurance proceeds and title.

In September 2013, Lepre filed a pleading titled "*Pro Se* Defendant(s)-in-Error Timely Responses/Answers/Objections to the Plaintiff-in-Error's Civil Complaint in Replevin." Mebus filed an answer to new matter. On October 15, 2013, Mebus filed a motion for summary judgment which was later denied, after argument, in September 2014. The court determined that without reviewing unrelated, ongoing bankruptcy proceedings involving Mebus, an issue of fact existed that precluded the entry of summary judgment.

In September 2014, Lepre filed a motion titled "Open Letter as a Matter of Record" which the court treated as a motion for summary judgment. In his motion, Lepre claimed that because Mebus voluntarily endorsed the certificate of title to her car over to his organization, he legally owns the car. Lepre also asserted that he is entitled to ownership of the car as compensation for his installation of an electric hot water heater for Mebus, legal and clerical work he performed for Mebus, and "numerous service calls and . . . maintenance services" he performed for Mebus. The court denied Lepre's motion in March 2015.

On March 23, 2015, Lepre filed a motion to reconsider/vacate/set aside the order denying summary judgment; the motion was denied, after a hearing, on April 9, 2015. In June 2015, Mebus again moved for summary judgment, which the court granted on August 21, 2015, finding that "[Mebus] is the rightful and lawful owner of the 2005 Toyota that was the subject of the above referenced matter [and] . . . that she is entitled to any

and all insurance proceeds as a result of the vehicle being totaled." Trial Court Order, 8/21/15. Moreover, the court ordered that Lepre return and sign the title to the Toyota over to Mebus within 10 days. Lepre filed a motion to vacate the court's order on August 31, 2015, titling it "Brutum Fulmen."[6] On January 27, 2016, the court held a hearing on Lepre's motion to vacate.[7] After the hearing, the court denied Lepre's motion on March 18, 2016. Lepre filed a timely notice of appeal from that order on April 15, 2016.

Lepre raises nine issues on appeal. *See* Appellant's Brief, at xiii-1. Save for his sufficiency issues related to the underlying replevin action,[8]

_____

[6] Mirriam-Webster's online dictionary defines "brutum fulment" as: meaningless thunderbolt; an empty threat; an ineffectual legal judg[]ment. *See* https://www.merriam-webster.com/dictionary/brutum%20fulmen.

[7] At the motion to vacate hearing, Lepre presented certified evidence from the DOT regarding the title to the Toyota, claiming that there is a material fact in dispute, namely the value of the vehicle. Lepre attempted to argue about the "Law of the Flag Doctrine" which he also mentions, albeit incoherently, in his appellate brief. However, as the trial judge correctly points out, this "doctrine" is not an issue in the underlying replevin case. Lepre also attempted to argue the law of "barratry," basically claiming that Mebus is guilty of the third-degree misdemeanor because she vexed him with an unjust lawsuit. Lepre also takes issue with the subject matter jurisdiction of the court and whether Mebus' attorney's law firm perpetrated a fraud upon the court.

[8] Those issues are:

   (1)   Whether there are sufficient facts and substantial evidence to support summary judgment in favor of the Plaintiff and against the non-moving part[ies] – the Defendants?

*(Footnote Continued Next Page)*

Lepre's appellate brief contains incoherent and off-topic arguments not even tangentially related to the underlying cause of action. Accordingly, we find those irrelevant arguments waived on appeal. *See* Pa.R.A.P. 2119(a); *see also Jiricko v. Geico Ins. Co.*, 947 A.2d 206 (Pa. Super. 2008) (waiver of issues raised on appeal proper where appellant's Rule 1925(b) statement was an "incoherent, confusing redundant, defamatory rant" accusing opposing counsel and trial judge of conspiring to deprive him of his constitutional rights; no legitimate appellate issue presented) .

With regard to his sufficiency claims, we recognize that a replevin action is founded upon a wrongful taking and detention of property, and seeks to recover property in the possession of another. *Commonwealth ex rel. Anderson v. Fid. & Deposit Co.*, 811 A.2d 1040, 1042 (Pa. Super. 2002) (citation omitted). The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained. *Id.* Moreover, a plaintiff in a replevin action may recover money damages only as a secondary remedy. *Id.*

_(Footnote Continued)_ ───────────────

(2)   Whether there are sufficient facts and substantial evidence to support summary judgment in favor of the Defendant(s) and against the non-moving party – the Plaintiff?

Appellant's Brief, at xiii.

- 5 -

In her complaint, Mebus alleged that she purchase the 2005 Toyota 4Runner from Halteman's Automotive Group in East Stroudsburg, Pennsylvania, that she solely paid for the vehicle, and that Lepre made no payments on the car or gave her any consideration for the title to the vehicle. Lepre defended the action by claiming that Mebus gave him title to her car as compensation for services he provided her.

The court determined, after a hearing on Mebus' summary judgment motion, that there was no contract between the parties . . . to prove "that [Mebus] agreed to give her vehicle in exchange for the services allegedly provided." Trial Court Opinion, 6/14/16, at 7. We find no error in the court's legal reasoning or conclusion. While Lepre may have believed that Mebus would ultimately repay him for the services he allegedly provided her, *see* N.T. Summary Judgment Proceedings, 6/21/15, at 9-13, he did not allege or prove that Mebus had agreed to give the title to her car to him in exchange for those services. Accordingly, she was entitled to possession of the title to the vehicle over Lepre.[9] ***See Ford Motor Credit Co. v. Caiazzo***, (Pa. Super. 1989) (to succeed in replevin action, plaintiff must show not only title, but also exclusive right of immediate possession of property in

_____

[9] Mebus needed the title to be put back in her name in order to collect the insurance proceeds related to her claim after totaling the vehicle. N.T Summary Judgment Proceedings, 6/14/16, at 14.

question; exclusive right of possession means only right which excludes defendant, not title or right as against whole world).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2017